## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LIFTED RESEARCH GROUP, INC.,   )
One Capital Drive   )
Lake Forest, California 92630,   )
   )
      Plaintiff,   )      Civil Action No. 1:08-cv-00390-CKK
    v.   )
   )
BEHDAD, INC. d/b/a CLUTCH,   )
1340 Wisconsin Avenue NW   )
Washington, D.C. 20007-3310   )
   )
and   )
   )
DOES 1-10,   )
   )
      Defendants.   )
   )

### PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST
### BEHDAD, INC. AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, Lifted Research Group, Inc., a California corporation ("LRG"), pursuant to Rule

55(b) of the Federal Rules of Civil Procedure, hereby moves this Court for entry Final Default

Judgment against the Defendant, Behdad, Inc., a District of Columbia corporation d/b/a Clutch

("Behdad" or "Defendant"), and in support thereof submits the following Memorandum of Law.

### MEMORANDUM OF LAW

### I.    INTRODUCTION

This action was initiated against the Defendant by LRG on March 4, 2008, through the

filing of a Complaint for federal trademark infringement and counterfeiting (Count I), false

designation of origin (Count II), copyright infringement (Count III). (Docket Number 1.)  The

Defendant was served with the Summons and Complaint on March 20, 2007.  (Ex. A,

Declaration of Paul Grandinetti ("Grandinetti Decl.") ¶ 3.)  Accordingly, the Defendant was

required to answer the Complaint on or before April 9, 2008. (Grandinetti Decl. ¶ 4.) As of the date of this Motion, LRG has not received an Answer from the Defendant and no extension of time within which to answer or otherwise respond to the Complaint has been granted. (Grandinetti Decl. ¶ 5.)

On May 15, 2008, LRG filed its Application for Entry of Clerk's Default against the Defendant. (Grandinetti Decl. ¶ 6.) On May 16, 2008, Default was entered against the Defendant for failure to appear, plead, or otherwise defend pursuant to Rule 55(a), Federal Rules of Civil Procedure. (Grandinetti Decl. ¶ 7.) LRG now moves the Court to grant Final Default Judgment against the Defendant.

## II.   STANDARD OF ADJUDICATION

Upon entry of default, the factual allegations of Plaintiff's Complaint (other than those related to damages) will be taken as true. Flynn v. Mastro Masonry Contractors, 237 F.Supp.2d 66, 69 (D.D.C. 2002). The Defendant is deemed to have admitted, upon default, all well-pled allegations in the Complaint. Id. As such, the Defendant's failure to respond to the allegations of the Complaint in this action establishes the Defendant's liability under each of the claims asserted in the Complaint. Id.

## III.   STATEMENT OF FACTS

### A.   Factual Allegations.

Plaintiff's Complaint alleged well-pled facts, including the following, which support liability on all Counts of the Complaint:

1.     LRG is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks (the "LRG Marks") which are valid and registered on the Principal Register of the United States Patent and Trademark Office:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| LIFTED RESEARCH GROUP | 2,513,951 | December 4, 2001 |
| L R G | 2,633,832 | October 15, 2002 |
|  | 2,506,859 | November 13, 2001 |
|  | 2,958,307 | May 31, 2005 |

(Complaint ¶ 7; see also Ex. B, LRG Trademark Registrations.)

2.      LRG is the owner of United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright").  (Complaint ¶ 7; see also Ex. C, LRG Copyright Registration.)

3.      LRG's ownership and registration of the LRG Copyright precedes the Defendant's infringement as alleged herein.  (Complaint ¶ 7.)

4.      The LRG Marks and the work protected by the LRG Copyright have been used in interstate commerce to identify and distinguish LRG's high quality apparel products, including jeans and t-shirts and other goods for an extended period of time. (Complaint ¶ 8.)

5.      The LRG Marks and the work protected by the LRG Copyright have never been assigned or licensed to of the Defendant. (Complaint ¶ 9.)

6.      The LRG Marks are symbols of LRG's quality, reputation, and goodwill and have never been abandoned.  (Complaint ¶ 10.)

7.      LRG has extensively used, advertised, and promoted the LRG Marks in the United States in association with apparel items, including jeans and t-shirts, and has carefully monitored and policed the use of the LRG Marks.  (Complaint ¶ 12.)

8.      At all times relevant hereto, the Defendant had full knowledge of LRG's ownership of the LRG Marks and the work protected by the LRG Copyright, including its

exclusive right to use and license the LRG Marks and the LRG copyrighted work and the goodwill associated therewith. (Complaint ¶ 15.)

9.      The Defendant is promoting and otherwise advertising, distributing, offering for sale and/or selling products in commerce, including at least jeans and t-shirts, bearing counterfeit marks which are identical or substantially similar to the registered LRG Marks, and which infringe on the work protected by the LRG Copyright (the "Counterfeit Goods"). (Complaint ¶ 16.)

10.     The Defendant's Counterfeit Goods are of a quality substantially different from LRG's genuine goods. (Complaint ¶ 17.)

11.     Despite the non-genuine nature of the Counterfeit Goods and the knowledge LRG did not grant authority to do so, the Defendant is actively promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by LRG. (Complaint ¶ 17.)

12.     The net effect of the Defendant's actions is the confusion of the relevant trade and consumers who believe Defendant's Counterfeit Goods are genuine goods originating from and approved by LRG. (Complaint ¶ 17.)

13.     The Defendant may be engaging in the illegal counterfeiting and infringing activities knowingly and intentionally, or with reckless disregard or willful blindness to LRG's rights, for the purpose of trading on the goodwill and reputation of LRG. (Complaint ¶ 21.)

14.     The Defendant's infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public, and the trade. (Complaint ¶ 22.)

15.    The Defendant's wrongful use of the LRG Marks and the work protected by the LRG Copyright is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between LRG's genuine goods and Defendant's Counterfeit Goods.  (Complaint ¶ 22.)

16.    LRG has no adequate remedy at law. (Complaint ¶ 23.)

17.    LRG is suffering irreparable injury and damages as a result of the Defendant's unauthorized and wrongful use of the LRG Marks and work protected by the LRG Copyright. (Complaint ¶ 24.)

18.    The Defendant is continuously, directly and contributorily, infringing and counterfeiting and inducing others to infringe and counterfeit the LRG Marks in violation of LRG's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114. (Complaint ¶¶ 29, 32.)

19.    The Defendant's counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendant's Counterfeit Goods bearing the LRG Marks. (Compliant ¶ 30.)

20.    The Defendant's Counterfeit Goods bearing and sold under the LRG Marks are virtually identical in appearance to LRG's genuine goods.  However, the Counterfeit Goods are inferior in quality.  Accordingly, the Defendant's activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.  (Complaint ¶ 36.)

21.    The Defendant has used false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent the Counterfeit Goods and has caused such goods to enter into commerce with

possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of LRG. (Complaint ¶ 37.)

22.     The Defendant has misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by the Defendant are genuine, non-infringing products.  (Complaint ¶ 38.)

23.     The Defendant's actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  (Complaint ¶ 39.)

24.     The Defendant has infringed and continues to infringe on the work protected by the LRG Copyright at least by copying, selling, advertising, reproducing and placing into a chain of distribution, unauthorized copies or derivations of LRG's copyrighted work in violation of 17 U.S.C. § 501. (Complaint ¶ 43.)

25.     The Defendant may be knowingly and willfully engaging in the copyright infringement actions for the purpose of profiting therefrom. (Complaint ¶ 44.)

**B.     Defendant's Infringing Acts.**

As alleged by LRG, admitted by default, and established by the evidence submitted therewith, the Defendant conducts business within this Judicial District, and is the owner and operator of the retail operation located at 1340 Wisconsin Avenue NW, Washington, D.C. 20007-3310, using the alias Clutch to operate the business. (Ex. D, Declaration of Robert Holmes ("Holmes Decl.") ¶ 4; Complaint ¶ 3.)  The Defendant is the active, conscious, and dominant force behind the sale of apparel items, including jeans, shorts and t-shirts bearing counterfeits of the LRG Marks and which infringe on the work protected by the LRG Copyright. (Ex. E, Declaration of Mike FitzSimons ("FitzSimons Decl.") ¶ 14; Ex. F, Declaration of Nick

Terrio ("Terrio Decl.") ¶¶ 5-11; Ex. G, Declaration of Woodie T. White ("White Decl.") ¶ 4; and

Complaint ¶ 4.)

      LRG's evidence further demonstrates the Defendant is engaged in the fraudulent

promotion, advertisement, distribution, offering for sale and sale of goods bearing counterfeits of

the LRG Marks and which infringe on the work protected by the LRG Copyright.  On August 20,

2007, Nick Terrio, the Manager of Brand Protection for LRG who is trained to identify the

distinctions between genuine LRG merchandise and counterfeit copies of the same, traveled to

the Defendant's retail business location  known as Clutch at 1340 Wisconsin Avenue NW,

Washington DC 20007.  (Ex. F, Terrio Decl. ¶ 3, 5.)  Upon entering the location Mr. Terrio

observed approximately twenty-five (25) pairs of jeans and shorts and approximately fifteen (15)

t-shirts, all bearing one or more of the LRG Marks and copyrighted work at issue in this action.

(Ex. F, Terrio Decl. ¶ 5.)  Mr. Terrio inspected the LRG branded jeans, shorts and t-shirts offered

for sale at the location, and determined they were non-genuine LRG products.  (Ex. F, Terrio

Decl. ¶ 5.)  Mr. Terrio purchased one pair of LRG branded shorts and one LRG branded t-shirt

from the Defendant's retail location for a total purchase price of $60.00, and was issued a receipt

for the transaction.  (Ex. F, Terrio Decl. ¶ 6 and Composite Exhibit "1" attached thereto.)  The

LRG branded shorts and t-shirt purchased by Mr. Terrio at the Defendant's retail location on

August 20, 2007 were turned over, for further evaluation, to LRG's Intellectual Property

Manager Michael FitzSimons, who is also familiar with LRG's genuine goods and trained to

detect counterfeits. (Ex. E, FitzSimons Decl. ¶ 10; Ex. F, Terrio Decl. ¶ 6.)  Mr. FitzSimons

personally inspected and analyzed the LRG branded shorts and t-shirt purchased on August 20,

2007 by Mr. Terrio from the Defendant's retail operation know as Clutch, at 1340 Wisconsin

Avenue NW, Washington DC 20007, and determined the shorts and t-shirt were non-genuine LRG products. (Ex. E, FitzSimons Decl. ¶ 11.)

On December 10, 2007, LRG's counsel issued a cease and desist letter together with a draft Complaint on behalf of LRG to the Defendant requesting the Defendant, among other things, cease all sales of products bearing counterfeits of the LRG Marks and which infringe upon the work protected by the LRG Copyright. (Ex. H, Declaration of Stephen M. Gaffigan ("Gaffigan Decl.") ¶ 2.)   On December 11, 2007, Nick Terrio traveled to the Defendant's retail operation located at 1340 Wisconsin Avenue NW, Washington DC 20007, and assisted in the service of the cease and desist letter on the Defendant. (Terrio Decl. ¶ 9 and Ex. 2 attached thereto.)   During the service of the cease and desist letter, Mr. Terrio observed LRG branded jeans, shorts and t-shirts, which he inspected and determined to be non-genuine LRG goods. (Terrio Decl. ¶ 9.)

On May 24, 2008, Mr. Terrio returned to the Defendant's retail operation located at 1340 Wisconsin Avenue NW, Washington DC 20007, accompanied by Woodie T. White, LRG's Marketing Director. (Ex. F, Terrio Decl. ¶ 10; Ex. G, White Decl. ¶ 3.)  While Mr. Terrio remained outside of the establishment, Mr. White entered the location and purchased a pair of LRG branded shorts for $51.81, including sales tax, and was issued a receipt for the purchase. (Ex. F, Terrio Decl. ¶ 10; Ex. G, White Decl. ¶ 4.)  Upon exiting the location, Mr. White immediately handed the LRG branded shorts he purchased to Mr. Terrio, who inspected the LRG branded shorts and determined they were non-genuine LRG shorts. (Ex. F. Terrio Decl. ¶ 10 and Comp. Ex. 3 attached thereto; Ex. G, White Decl. ¶ 4.) The LRG branded shorts purchased by Mr. White at the Defendant's retail location on May 24, 2008 were then turned over to Michael FitzSimons for further evaluation. (Ex. E, FitzSimons Decl. ¶ 12; Ex. F, Terrio Decl. ¶ 11.)  Mr.

FitzSimons personally inspected and analyzed the LRG branded shorts purchased on May 24 2008 from the Defendant's retail operation known as Clutch located at 1340 Wisconsin Avenue NW, Washington DC 20007 and determined the shorts were non-genuine LRG shorts. (Ex. E, FitzSimons Decl. ¶ 13.)

### III.    ARGUMENT

The issuance of a permanent injunction, an award of monetary damages, and the recovery of attorney's fees and costs are the proper subjects of a default judgment for violations of the Lanham Act. Foxtrap, Inc. v. Foxtrap, Inc., 671 F.2d 636 (C.A.D.C. 1982); Sara Lee Corp. v. Bags of New York, Inc., 36 F.Supp.2d 161 (S.D.N.Y. 1999).

### A.    A Permanent Injunction Should Be Entered.

Injunctive relief may be granted in accordance with the principles of equity to prevent violations of trademark laws, 15 U.S.C. § 1116, and copyright laws, 17 U.S.C. § 502. This Court should permanently enjoin the Defendant from infringing any of LRG's intellectual property rights, including the LRG Marks and the work protect by the LRG Copyright. The risk of continuing infringement is likely, owing to strong consumer demand for LRG's products. (Ex. E, FitzSimons Decl. ¶¶ 6-7.) Granting a broad permanent injunction is therefore warranted.

In this District, it has been held that "trademark infringement by its very nature causes irreparable injury." Health Ins. Ass'n of America v. Novelli, 211 F.Supp.2d 23, 28 (D.D.C. 2002) citing Appleseed Foundation Inc. v. Appleseed Inst., Inc., 981 F.Supp. 672, 677 (D.D.C. 1997). Such a finding of irreparable injury is virtually always made in a case such as this, where the Plaintiff has demonstrated it could lose control of its reputation as a result of the Defendant's activities. See Russian Academy of Sciences v. American Geophysical Union, 1998 WL 34333239, *9 (D.D.C. 1998); see also Power Test Petroleum Distrib., Inc. v. Calcu Gas, Inc.,

754 F.2d 91 (2d Cir. 1985) (Plaintiff proves irreparable injury if it shows that it will lose control over the reputation of its trademark pending trial. Preliminary injunction affirmed).

Additionally, many courts have held that a prima facie showing of copyright infringement creates a presumption that the copyright holder has suffered irreparable harm. See e.g., ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 64 (2nd Cir. 1996); Country Kids'N City Slicks, Inc. v. Sheen, 77 F .3d 1280, 1288-89 (10th Cir. 1996); Triad Sys. Corp. v. Se. Express Co., 64 F.3d 1330, 1335 (9th Cir. 1995); Serv. & Training, Inc. v. Data Gen. Corp., 963 F.2d 680, 690 (4th Cir. 1992); Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 611 (1st Cir. 1988); Forry, Inc. v. Neundorfer, Inc., 837 F.2d 259, 267 (6th Cir. 1988); Nat'l Football League v. McBee & Bruno's, Inc., 792 F.2d 726, 729 (8th Cir. 1986); Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254 (3d Cir. 1983). "In copyright infringement cases, a copyright holder may be presumed to suffer irreparable harm as a matter of law when his right to the exclusive use of copyrighted material is invaded, and such a holder is entitled to a preliminary injunction without a detailed showing of harm." Health Ins. Ass'n of America v. Novelli, 211 F.Supp.2d 23, 28 (D.D.C. 2002).

In this action, as can be determined from the record, LRG contacted the Defendant to tell the Defendant to stop selling counterfeit LRG goods, and LRG has demonstrated that once the Defendant became aware of LRG's objections (by means of the cease and desist letters and the institution of this lawsuit), the Defendant continued to engage in the infringing conduct. (Ex. F, Terrio Decl. ¶¶ 10-11; Ex. G, White Decl. ¶¶ 3-4.) The Defendant's continuing complete disregard for LRG's rights alone supports an inference that the Defendant will continue to infringe on LRG's rights, and thus warrant the issuance of a broad permanent injunction against infringement of any of LRG's intellectual property rights, including those at issue in this case.

**B.    An Award of Statutory Damages is Appropriate as to Count I.**

As alleged in the Complaint (and admitted by the Defendant's failure to respond to the Complaint) and confirmed in the Declarations filed in this action, the jeans, shorts and t-shirts advertised, sold and/or offered for sale by the Defendant bore counterfeits of the LRG Marks. (Fitzsimons Decl. ¶¶ 10-14.)  In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $500.00 nor more than $100,000.00 per counterfeit mark per type of goods. In addition, if the Court finds a defendant's counterfeiting actions were willful, then it may impose damages above the maximum limit up to $1,000,000.00 per counterfeit mark per type of good.  15 U.S.C. § 1117(c)(2).  Pursuant to 15 U.S.C. § 1117(c), LRG elects to recover an award of statutory damages as to Count I of the Complaint.

Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain.  See e.g., S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages.) This case is no exception.  In most cases, the only way for a plaintiff to find out what the infringer's gross sales have been is from the infringer itself in discovery.  Any doubts about the actual amount of gross sales or profits will be resolved against the infringing party.  H-D Michigan, Inc. v. Biker's Dream, Inc., 48 U.S.P.Q.2D 1108, 1115 (C.D. Cal. 1998) (where infringer's cost date is "incomplete and contradictory," court refuses to guess and finds that infringer has failed to prove any cost deductions).  If the infringer fails to provide satisfactory evidence of its actual sales volume, the court may rely on indirect or circumstantial evidence and extrapolate sales from that other evidence. Aris Isotoner, Inc. v. Dong Jin Trading Co., No. 87

Civ. 890(RO), 1989 WL 236526, at *6 (S.D.N.Y. Sept. 22, 1989). <u>See</u> <u>also</u> <u>Brand v. NCC Corp.</u>, 540 F. Supp. 562, 565 (E.D. Pa. 1982) (defendant made no attempt to prove any cost deductions and "profits" were based upon gross sales revenues); <u>New York Racing Ass'n v. Stroup News Agency Corp.</u>, 920 F. Supp. 295, 301 (N.D.N.Y. 1996) (When plaintiff proves gross sales and the infringer fails to prove cost deductions, "then the profits to which the plaintiff is entitled under the Lanham Act are equal to the infringer's gross sales."). Since the Defendant has refused to participate in this litigation and failed to provide any information on the Defendant's sales revenues, profits or expenses, LRG has been deprived of the ability to obtain discovery from the Defendant and must calculate damages based on the evidence available.

The available evidence, however, demonstrates the Defendant imported, advertised, offered for sale, and/or sold at least three types of products, jeans, shorts and t-shirts, bearing counterfeits of various LRG Marks which are protected by four federal trademark registrations owned by LRG. (Ex. E, Fitzsimons Decl. ¶¶ 10-14; Ex. B, LRG Trademark Registrations; Ex. C, LRG Copyright Registration; Ex. F, Terrio Decl. ¶¶ 5-11 and Comp. Ex. 1 and 3 attached thereto; Ex. G, White Decl. ¶¶ 3-4.) The LRG Marks counterfeited are famous within the consumer market for a wide variety of apparel products. (Fitzsimons Decl. ¶ 7.) That the Defendant sold goods using marks which are identical or altered to be identical to such strong marks shows the desire and purpose to trade upon LRG's goodwill. <u>See</u> <u>Sears, Roebuck and Co.</u> <u>v. Sears Financial Network,</u> 576 F.Supp. 857, 863-864 (D.C.D.C. 1983); <u>Marquis Who's Who v.</u> <u>North American Ad. Assoc.,</u> 426 F.Supp. 139, FN4 (D.D.C. 1976), <u>aff'd</u> 187 U.S.App.D.C. 426, 574 F.2d 637 (1978). "It is settled that one who adopts a mark similar to the mark of another for closely related goods acts at his peril and any doubt there might be as to infringement must be resolved against him." <u>Marquis Who's Who v. North American Ad. Assoc.,</u> 426 F.Supp. 139, fn4

(D.D.C. 1976). Indeed, in a case of clear-cut copying such as this, it is appropriate to presume the Defendant intended to cause confusion and benefit from the Plaintiff's reputation, all to the detriment of the Plaintiff. See Sears, Roebuck and Co. v. Sears Financial Network, 576 F.Supp. 857, 863-864 (D.C.D.C. 1983); Marquis Who's Who v. North American Ad. Assoc., 426 F.Supp. 139, FN4 (D.D.C 1976), Aff'd 187 U.S.App.D.C. 426, 574 F.2d 637 (1978).

Further, the Defendant's intent to capitalize on the reputation and goodwill of the LRG Marks is made apparent by the Defendant's continued infringing activities after being served with LRG's cease and desist letter and after service of the current lawsuit. (Ex. F, Terrio Decl. ¶¶ 8-11 and Ex. 2 and 3 attached thereto; Ex. G, White Decl. ¶¶ 3-4; Ex. H, Gaffigan Decl. ¶¶ 2-3 .) Thus, the evidence establishes the Defendant is a willful counterfeiter who has no respect for intellectual property laws or for LRG's rights. In any event however, the Defendant has defaulted on LRG's allegations of willfulness. As such, this Court should award a significant amount of statutory damages available under the Lanham Act to ensure that the Defendant does not continue to intentionally and willfully counterfeit and infringe the LRG Marks or otherwise unfairly compete with LRG.

A review of the only available evidence demonstrates the Defendant was using the LRG Marks in commerce in connection with the offering for sale of $1,480.00 of goods. This total sales figure was determined by adding together the average sales price per unit ($37.00)[1] for the forty (40) units of counterfeit LRG merchandise offered for sale by the Defendant on August 20, 2007. (Terrio Decl. ¶ 5.)

Based on the above considerations, LRG respectfully suggests the Court could start with a baseline statutory award of $1,480.00, treble it to reflect the Defendant's willfulness, and then

---

[1] The per unit sales price of $37.00 is based on the average price paid per unit (rounded up) for the two units of LRG branded products purchased on August 20, 2007 and the one unit of LRG branded product purchased on May 24, 2008 ($60.00 + $49.99 ÷ 3 (units) = $36.66). (Terrio Decl. ¶ 5 and 7 and Comp. Ex. 1 and 3 attached thereto.)

double the product for the purpose of deterrence. The result would be $8,880.00 per registered LRG Mark counterfeited (4) per type of goods sold (3 – jeans, shorts and t-shirts), for a total award amount of $106,560.00 in statutory damages. LRG believes the amount fairly achieves the statutory goals of compensation and punishment.

The requested damage amount is at the very low end of the range prescribed under 15 U.S.C. § 1117(c)(2) and is appropriate based on the Defendant's willful counterfeiting of the LRG Marks. The award should be sufficient to deter the Defendant and others from continuing to counterfeit or otherwise infringe LRG's trademarks, compensate LRG, and punish the Defendant, all stated goals of 17 U.S.C. § 1117 (c). Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; Sara Lee Corp., 36 F.Supp.2d. at 165.

LRG's damage request is reasonable in light of the number of counterfeit items apparently being sold by the Defendant. While the Defendant has prevented LRG from obtaining competent discovery regarding the Defendant's sales, it is reasonable to infer the number of counterfeit and infringing units offered for sale and sold by the Defendant, which were identified during the course of LRG's investigation, do not constitute the whole of the Defendant's counterfeiting activities with respect to the LRG Marks. Other courts have granted statutory damages under the Lanham Act at a level similar to or higher than LRG's request herein. See, e.g., Chanel Inc v. Mohajeri, et al., Case No. 4:05-cv-00055-FRZ (D. Ariz. 2005) (awarding $300,000.00); Chanel, Inc. v. Mason et al., Case No. 0:05-cv-61883-WPD (S.D. Fla. 2007)(awarding $434,561.00); Microsoft Corp. v. Online Datalink Computer, Inc., No. 07cv01165 WQH (CAB), 2008 WL 1995209, *4 (S.D. Cal. May 6, 2008); Sara Lee Corp., 36 F.Supp. 2d at 170 (awarding $750,000.00). LRG's request is reasonable.

## C.     LRG's Damages for Count II.

In addition to trademark counterfeiting and infringement (Count I), LRG's Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Count II).  As to Count II, the allowed scope of monetary damages is also encompassed within 15 U.S.C. § 1117.  LRG is not entitled to double recovery on its claims, so judgment on Count II should be limited to the dollar amount awarded with respect to Count I and entry of the requested permanent injunction.

## D.     LRG Is Entitled to an Award of Statutory Damages as to Count III for Copyright Infringement.

LRG's Complaint also set forth a cause of action for Copyright Infringement (Count III). The Defendant has also defaulted on the well-pled allegations of Count III.  Because the Defendant failed to respond to LRG's Copyright Infringement claim and participate in discovery, LRG cannot demonstrate the Defendant's actual sales.  Accordingly, LRG elects to be awarded statutory damages within the provisions of Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c), enhanced to reflect the willful nature of the Defendant's  infringement, instead of an award of actual damages or profits, and to be awarded its costs and disbursements incurred in this action, including reasonable attorneys fees pursuant to 17 U.S.C. § 505.

Title 17, U.S.C.A., § 504(c) concerning statutory damages provides, in pertinent part, that the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750.00 or more than $30,000.00 as the court considers just.  17 U.S.C. § 504 (c).  The statue further provides that in a case where the copyright owner sustains the burden of proving, and the

court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.00. Id.

By default, the Defendant has admitted, and Plaintiff has shown by other evidence, willful infringement of the work protected by the LRG Copyright Registration. LRG respectfully requests the Court award LRG $30,000.00 per infringed work (1), for a total award amount of $30,000.00 in statutory damages pursuant to pursuant to 17 U.S.C. § 504.

Title 17, U.S.C.A., § 505 provides that as a remedy for infringement in a civil action, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. 17 U.S.C. § 505. The court may also award a reasonable attorney's fee to the prevailing party as part of the costs. Id. Accordingly, pursuant to 17 U.S.C. § 505, LRG requests entry of an award of its full costs against the Defendant, including a reasonable attorney fee as identified below.

**E.     Attorneys' Fees Should Be Awarded**

LRG is entitled to recovery of its reasonable attorneys' fees incurred pursuant to 15 U.S.C. § 1117 (a) and/or (b) and 17 U.S.C. § 505. Generally, in trademark infringement cases, an award of attorney's fees is warranted pursuant to the "exceptional case" standard of 15 U.S.C. §1117(a) where, as here, infringement was willful. See ALPO Petfoods, Inc. v. Ralston Purina Co., 913 F.2d 958, 961, 286 U.S.App.D.C. 192, 195 (C.A.D.C. 1990) (attorneys' fees are "available under section 35(a) only 'in exceptional cases,' which this court has defined as cases involving willful or bad-faith conduct."). Also, pursuant to 15 U.S.C. § 1117(b), reasonable attorney fees must be awarded when a defendant intentionally uses a mark, knowing such mark is a counterfeit mark. Only if the Court finds extenuating circumstances can the Court limit such recovery. Fendi S.a.s. Di Paola Fendi E Sorelle v. Cosmetic World, Ltd., 642 F.Supp.1143, 1147

(S.D.N.Y. 1986); see also Louis Vuitton S.A. v. Pun Yan Lee, 875 F.2d 584, 588 (7th Cir. 1989).

The extenuating circumstance defense is an affirmative defense which should be pled but, in this

case, was not pled by the Defendant.  See Louis Vuitton, 875 F.2d at 590.  Accordingly, because

of the Defendant's intentional conduct and because the Defendant failed to appear, LRG should

be awarded its request of reasonable attorneys' fees.

     LRG's counsel spent approximately 11 hours of time in this case in connection with

investigative oversight and litigation. (Ex. A, Grandinetti Decl. ¶ 10; Ex. H, Gaffigan Decl. ¶ 6.)

All attorney time in this matter relates to the gathering of information, the preparation of

documents and pleadings, and other litigation related expenses.  (Ex. A, Grandinetti Decl. ¶ 13;

Ex. H, Gaffigan Decl. ¶ 8.)  LRG's counsel charged the rate of  $325.00 and $350.00 per hour

for their services. (Ex. A, Grandinetti Decl. ¶ 11; Ex. H, Gaffigan Decl. ¶ 9.)  These rates are

either equal to or less than the prevailing market rates for comparable services in The District of

Columbia, where this action was filed.  (Ex. A, Grandinetti Decl. ¶ 13; Ex. H, Gaffigan Decl. ¶

9.)  Attorney's fees incurred in this matter total $3,600.00.  (Ex. A, Grandinetti Decl. ¶ 10; Ex.

H, Gaffigan Decl. ¶ 6.)  LRG's counsel made every reasonable effort to minimize hours spent on

the case, and the fee requested is equal to or below the amount spent on similar past cases. (Ex.

A, Grandinetti Decl. ¶ 13; Ex. H, Gaffigan Decl. ¶ 8.)  The fee is also reasonable in light of the

extent of the Defendant's conduct. Moreover, the fee is reasonable in light of the fact that the

legal services in this case were performed by experienced intellectual property litigator. (Ex. A,

Grandinetti Decl. ¶ 8; Ex. H, Gaffigan Decl. ¶ 4.)

     As part of an attorneys' fees award, Plaintiff may also recover reasonable investigative

fees, as long as the investigator acted under the direction of an attorney.  See Louis Vuitton S.A.,

v. Downtown Luggage Center, 706 F. Supp. 839, 842 (S.D. Fla. 1988); Chanel, Inc. v. Route'

Ltd., LLC., 2006 WL 3842208 * 3 (M.D. Fla. 2006); see also the Joint Statement on Trademark Counterfeiting Legislation, which expressly provides that to the extent that an investigator acts under the direction of an attorney, his or her fees may be recovered by a prevailing plaintiff as part of an award of attorney's fees. 130 CONG. REC. H12083 (October 10, 1984). LRG requests the Court award incurred investigative charges in the total amount of $250.00 which were necessary to uncover information regarding Defendant's illicit activities. (Ex. D, Holmes Decl. ¶ 5)

### F. Costs Should Be Awarded

LRG also requests that this Court award costs in the total amount of $425.00. (Ex. A, Grandinetti Decl. ¶ 15; Ex. H, Gaffigan Decl.¶ 11.) These costs consist of the following:

| Filing Fee: | $350.00 |
| Process Server Fee: | $ 75.00 |

### IV. CONCLUSION

For the foregoing reasons, LRG respectfully requests that the Court:

(1)    Enter Final Default Judgment finding Defendant Behdad, Inc. liable on all Counts of the Complaint;

(2)    Enter a permanent injunction against Defendant Behdad, Inc. in the form attached hereto as Exhibit "I";

(3)    Award LRG $106,560.00 in statutory damages against Defendant Behdad, Inc. pursuant to 15 U.S.C. § 1117(c);

(4)    Award LRG $30,000.00 in statutory damages against Behdad, Inc. pursuant to 17 U.S.C. § 504 for copyright infringement;

(5)    Award LRG $3,600.00 in reasonable attorney's fees against Defendant Behdad, Inc.  pursuant to 15 U.S.C. § 1117 (a) and (b) and 17 U.S.C.§ 505;

(6)    Award LRG $250.00 in reasonable investigative fees against Defendant Behdad, Inc. pursuant to 15 U.S.C. § 1117 (a);

(7)    Award LRG costs in the amount of $425.00 against Defendant Behdad, Inc. pursuant to 15 U.S.C. § 1117 (a);

Respectfully submitted,

7 July 2008
Date

Paul Grandinetti
D.C. Bar No. 384,996
LEVY & GRANDINETTI
South Tower, Suite 750
1120 Twentieth Street, N.W.
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564

**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that a copy of each of the foregoing PLAINTIFFS MOTION FOR FINAL

DEFAULT JUDGMENT AGAINST BEHDAD, INC. AND MEMORANDUM OF LAW IN

SUPPORT THEREOF, SUPPORTING EXHIBITS, DECLARATION OF PAUL

GRANDINETTI, DECLARATION OF ROBERT HOLMES, DECLARATION OF MICHAEL

FITZSIMONS, DECLARATION OF NICK TERRIO, DECLARATION OF WOODIE T.

WHITE and DECLARATION OF STEPHEN M. GAFFIGAN,  was served this date first class

mail, postage prepaid, on Defendants, BEHDAD, Inc. d/b/a CLUTCH, as follows:

BEHDAD, INC. d/b/a CLUTCH
1340 Wisconsin Avenue NW
Washington, D.C. 20007-3310

7 July 2008
_____
Date

_____
Paul Grandinetti

# Exhibit A
# Declaration of Paul Grandinetti

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LIFTED RESEARCH GROUP, INC.,              )
One Capital Drive                          )
Lake Forest, California 92630,             )
                                           )
          Plaintiff,          )          Civil Action No. 1:08-cv-00390-CKK
      v.                      )
                                           )
BEHDAD, INC. d/b/a CLUTCH,                 )
1340 Wisconsin Avenue NW                   )
Washington, D.C. 20007-3310                )
                                           )
and                                        )
                                           )
DOES 1-10,                                 )
                                           )
          Defendants.         )
_____ )

### DECLARATION OF PAUL GRANDINETTI IN SUPPORT OF
### PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

I, Paul Grandinetti, declare as follows:

1.     I am an attorney for the Plaintiff, Lifted Research Group, Inc. ("LRG") in the above-captioned action, and I am duly authorized and licensed to practice law before the courts in District of Columbia and Ohio. The matters stated herein are true and correct of my own personal knowledge and, if called as a witness, I would testify competently thereto.

2.     I make this declaration in support of LRG's Motion for Entry of Default Judgment against Defendant Behdad, Inc., a District of Columbia corporation, d/b/a Clutch ("Behdad" or "Defendant.")

### RE:  ENTRY OF FINAL DEFAULT JUDGMENT

3.     On March 20, 2008, the Defendant was served with a copy of the Summons and Complaint and supporting documents. (Docket Number 3.)

4.      The time allowed for the Defendant to respond to the Complaint expired on

5.      April 9, 2008.

6.      To date, the Defendant has not filed any responsive pleading to the Complaint, has not requested an enlargement of time to respond to the Complaint, nor has any counsel made an appearance on its behalf.

7.      On May 15, 2008, LRG filed its Request for Entry of Default against the Defendant.  (Docket Number 4.)

**8.**      The Clerk entered a default as to Defendant Behdad, Inc. on May 16, 2008. (Docket Number 5.)

## RE:  REQUEST FOR ATTORNEY FEES

9.      I have been an attorney for over 23 years and I have extensive litigation experience.  I have been handling trademark matters throughout the course of my practice.

10.      I began working on this action in December 2007, although the matter and investigation were commenced by my co-counsel, Stephen M. Gaffigan, in Florida.

11.      From December 2007 to the present, my firm invoiced LRG a total of 4 hours. Total fees charged to LRG by this firm are $1,150.00.

12.      My hourly billing rate is $325.00, which is either equal to or less than the prevailing or comparable rate in the District of Columbia where this action was filed.

13.      Some hours in this matter were discounted as a professional courtesy.

14.      All attorney time incurred in this matter relates to the gathering of information, preparation of documents and pleadings, and other litigation related legal services.  I made every reasonable effort to minimize hours spent on the case, and the fee requested is equal to or below the amount spent on similar past cases.

**RE:  REQUEST FOR COSTS**

15.    I am one of the attorneys under whose direction these costs were incurred in the investigation and prosecution of this action.

16.    LRG incurred a filing fee of $350.00 in connection with the filing of the Complaint in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 7th day of July 2008.

_____
Paul Grandinetti

Exhibit B
LRG Trademark Registrations

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,513,951
Registered Dec. 4, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## LIFTED RESEARCH GROUP

LIFTED RESEARCH GROUP, INC. (CALIFOR-
NIA CORPORATION)
P.O.BOX 4743
LAGUNA BEACH, CA 92652

FOR: CLOTHING, SPECIFICALLY HATS,
SHIRTS, SWEATSHIRTS, JACKETS, SHORTS AND
PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-0-1999; IN COMMERCE 7-0-1999.

SER. NO. 75-804,444, FILED 9-21-1999.

MICHAEL BAIRD, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,633,832
Registered Oct. 15, 2002

## TRADEMARK
### PRINCIPAL REGISTER

# L R G

LIFTED RESEARCH GROUP, INC. (CALIFOR-
NIA CORPORATION)
P.O. BOX 4743
LAGUNA BEACH, CA 92652

FOR: CLOTHING, SPECIFICALLY HATS,
SHIRTS, SWEATSHIRTS, JACKETS, SHORTS AND
PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-1-1998; IN COMMERCE 10-1-1998.

SER. NO. 75-804,445, FILED 9-21-1999.

MICHAEL BAIRD, EXAMINING ATTORNEY

Int. Cls.: 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 39, and 41

**United States Patent and Trademark Office**

Reg. No. 2,958,307

Registered May 31, 2005

## TRADEMARK
### PRINCIPAL REGISTER



LIFTED RESEARCH GROUP INC. (CALIFORNIA CORPORATION)
1915 SUSAN STREET
SANTA ANA, CA 92705

FOR: BAGS, NAMELY, TRAVEL AND OVERNIGHT BAGS, GARMENT BAGS, SHOE BAGS FOR TRAVEL, GYM BAGS, ATHLETIC BAGS, ALL PURPOSE SPORT BAGS, LUGGAGE, FANNY PACKS, KNAPSACKS, TOTE BAGS, WRIST MOUNTED CARRY ALL BAGS, SHOULDER BAGS, PURSES, BACKPACKS, BOOK BAGS, WALLETS, AND BILLFOLDS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 7-31-2002; IN COMMERCE 7-31-2002.

FOR: CLOTHING, NAMELY BUTTON UP SHIRTS, TEE SHIRTS, BLOUSES, PANTS, JACKETS, BASEBALL CAPS, HATS, KNIT CAPS, SWEATSHIRTS, JEANS, AND SHORTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-31-2002; IN COMMERCE 7-31-2002.

SN 78-284,069, FILED 8-6-2003.

MARGERY A. TIERNEY, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,506,859
Registered Nov. 13, 2001

## TRADEMARK
### PRINCIPAL REGISTER



LIFTED RESEARCH GROUP, INC. (CALIFOR-
NIA CORPORATION)
1311 E. CHESTNUT
SUITE F
SANTA ANA, CA 92701

FOR: CLOTHING, NAMELY, SHIRTS, PANTS,
SHORTS, JACKETS, HATS AND SWEATSHIRTS,
IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-1-1998; IN COMMERCE 10-1-1998.

SER. NO. 76-200,608, FILED 1-26-2001.

JEREMY KLASS, EXAMINING ATTORNEY

Exhibit C
LRG Copyright Registration

Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VA 1–348–151**

EFFECTIVE DATE OF REGISTRATION

**NOV 14 2005**
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**Title of This Work ▼**

New Tree

**NATURE OF THIS WORK ▼** See Instructions

Design

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

## 2

**NAME OF AUTHOR ▼**

a Lifted Research Group, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Was this contribution to the work a "work made for hire"?**
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR {
Citizen of California, U.S.A.
Domiciled in U.S.A
}

**Was This Author's Contribution to the Work**
Anonymous?  ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☒ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**Name of Author ▼**
b

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR {
Citizen of
Domiciled in
}

**Was This Author's Contribution to the Work**
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

## 3

a **Year in Which Creation of This Work Was Completed**
2001
This information must be given in all cases.

b **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month January    Day 20    Year 2002
USA
Nation

---

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Lifted Research Group, Inc.
1 Capital Dr.
Lake Forest, CA 92630

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
NOV 14 2005
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
NOV 14 2005
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

EXAMINED BY

CHECKED BY

CORRESPONDENCE
☒ Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼    Account Number ▼

Stetina Brunda Garred & Brucker _____ 19-4330 _____

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Lowell Anderson
STETINA BRUNDA GARRED & BRUCKER, 75 Enterprise, Suite 250
Aliso Viejo, California 92656

b

Area code and daytime telephone number   (949) 855-1246          Fax number   (949) 855-6371

Email   copyright@stetinalaw.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Lifted Research Group, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Lowell Anderson                                  Date 6/19/06

Handwritten signature (X) ▼

X _Lowell Anderson_

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Lowell Anderson, Esq.; STETINA BRUNDA GARRED & BRUCKER

Number/Street/Apt ▼
75 Enterprise, Suite 250

City/State/ZIP ▼
Aliso Viejo, California 92656

**9**

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev June 2002—20,000  Web Rev June 2002



# Exhibit D
# Declaration of Robert Holmes

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LIFTED RESEARCH GROUP, INC.,            )
One Capital Drive                       )
Lake Forest, California 92630,          )
                                        )
              Plaintiff,                )        Civil Action No. 1:08-cv-00390-CKK
                                        )
       v.                               )
                                        )
BEHDAD, INC. d/b/a CLUTCH,              )
1340 Wisconsin Avenue NW                )
Washington, D.C. 20007-3310             )
                                        )
and                                     )
                                        )
DOES 1-10,                              )
                                        )
              Defendants.               )

### DECLARATION OF ROBERT HOLMES IN SUPPORT OF
### PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

I, Robert Holmes, declare as follows:

1.      I am over 18 years of age and have personal knowledge of the facts set forth herein.

2.      I am an officer of IP Cybercrime.com, LLC, a licensed private investigative firm located in Plano, Texas.

3.      In August, 2007, I was retained to investigate the suspected sale of counterfeit LRG products by the Defendant.

4.      I conducted a search through the corporate records division for the District of Columbia for the entity known as Behdad, Inc. My search revealed that Behdad, Inc is a corporation organized under the laws of the District of Columbia, formed on March 4, 2006. The Registered Agent for Behdad, Inc. is listed as Esmail Bahrami, 1340 Wisconsin Avenue NW, Washington, D.C. 20007-3310. A true and correct copy of the corporate printout I obtained from the Corporations Division for the District of Columbia is attached hereto as Exhibit "1."

5.     Since my firm's retention by LRG on this matter, my firm has billed LRG, and been paid, a total of $250.00 for investigator fees to investigate the Defendant's counterfeiting activities.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this  7th  day of July, 2008.

ROBERT HOLMES

2

Exhibit 1
Declaration of Robert Holmes



| DC HOME | ABOUT DC | RESIDENTS | BUSINESS | VISITORS | DC GOVERNMENT | ☆ Kids ☆ |

**WELCOME TO WASHINGTON**
**District of Columbia**

MAYOR
Adrian M. Fenty

## Organization Information

DCRA HOME

SERVICES

INFORMATION

ONLINE SERVICE
REQUESTS

## Online Organization Registration
## Search Registered Organizations

**Organization Details - Step** 1   2   **3**

To view another organization from the search, select the **Return to Search Results** button below. You may also **print** the organization details, or start a **new search**. Use the **Back to Main Page button** to continue the registration process.

**Organization**

    **Organization Name:** BEHDAD INC.

    **State:** DC

    **Status:** ACTIVE

**Initial Date of Registration:** 3/24/2006

    **File No.:** 260942

    **Organization Type:** DOMESTIC BUSINESS CORPORATION

**Registered Agent**

Esmail Bahrami

1340 Wisconsin Ave., N.W.,
Washington, DC 20007

| << Back to Main Page | < Return To Search Results | Print Results | New Search |

For more information, contact the Corporations Division at (202) 442-4432 or Ask the Director .

| Government of the District of Columbia<br>Citywide Call Center : (202) 727-1000<br>TTY/TDD Directory | Telephone Directory by Topic | Agencies | DC Council | Search | Elected Officials<br>Feedback | Translation | Accessibility | Privacy & Security | Terms & Conditions | John A. Wilson Building<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20004 |

Exhibit E
Declaration of Michael FitzSimons

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIFTED RESEARCH GROUP, INC., | ) | |
| One Capital Drive | ) | |
| Lake Forest, California 92630, | ) | |
| | ) | Civil Action No. 1:08-cv-00390-CKK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BEHDAD, INC. d/b/a CLUTCH, | ) | |
| 1340 Wisconsin Avenue NW | ) | |
| Washington, D.C. 20007-3310 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF MICHAEL FITZSIMONS IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

I, Michael FitzSimons, declare and state as follows:

1.      I am over 18 years of age and have personal knowledge of the facts set forth herein.  If called upon to do so, I could and would competently testify to the following facts in support of Plaintiff's Motion for Final Default Judgment against the Defendant, Behdad, Inc. d/b/a Clutch ("Behdad" or "Defendant").

2.      I am employed by Lifted Research Group, Inc. ("LRG"), as the Intellectual Property Manager, and have been so employed since 2005.  I have been employed by LRG in various other positions since 1999.  LRG is a corporation duly organized under the laws of the State of California with its principal place of business in the United States located at One Capital Drive, Lake Forest, California 92630.

3.      In my capacity as LRG's Intellectual Property Manager, I am responsible, in part, for LRG's trademark and anti-counterfeiting efforts in the United States.  As a result, I am fully familiar with most aspects of the manufacture, sale, and distribution of genuine LRG products, including apparel, and I have been trained to identify the distinctions between genuine LRG merchandise and counterfeit copies of the same.

4.      Since 1999, LRG has been engaged in the manufacture, promotion, distribution, and sale in interstate commerce, including this Judicial District, of a variety of high quality apparel goods under the LRG trademarks, including but not limited to jeans, shorts and shirts.

5.      LRG is the sole owner of all rights in and to the following federally registered trademarks:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| LIFTED RESEARCH GROUP | 2,513,951 | December 4, 2001 |
| L R G | 2,633,832 | October 15, 2002 |
|  | 2,958,307 | May 31, 2005 |
|  | 2,506,859 | November 13, 2001 |

which are registered in International Class 25 and are used in connection with the manufacture and distribution of apparel including but not limited to button up shirts, tee shirts, blouses, pants, jackets, baseball caps, hats, knit caps, sweatshirts, jeans, and shorts (the "LRG Marks").  True and correct copies of the Federal Registrations for the LRG Marks are attached as Composite Exhibit "C" to Plaintiff's Motion for Entry of Final Default Judgment.  Additionally, LRG is the owner of United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright").  LRG's ownership and registration of the LRG Copyright precedes the Defendant's infringement as alleged in the Complaint, and the work protected by the LRG Copyright has been on constant

display and sale throughout the world, including this Judicial District since at least January 20, 2002. A true and correct copy of the United States Copyright Registration for the LRG Copyright is attached as Exhibit "D" to Plaintiff's Motion for Entry of Final Default Judgment.

6.      Genuine LRG products are marketed and sold throughout the United States at high quality retail stores and via the Internet. During the nine years that LRG has sold its apparel products in interstate commerce under the LRG Marks and LRG Copyright, LRG has spent millions of dollars to extensively advertise and promote its goods. In the last nine years alone, LRG's sales of high quality urban apparel have been well into the tens of millions of dollars. *See* A true and correct copy of Entrepreneur Magazine's Hot 500 article "The Fastest Growing Businesses in America" attached hereto as Exhibit "1."

7.      As a result of the foregoing, the LRG Marks have acquired fame in the consumer market for a wide variety of apparel products, including high quality jeans, shorts, t-shirts and other goods. The LRG Marks have come to symbolize the enormous goodwill of LRG's apparel products throughout the United States and the world. No other manufacturer lawfully uses the LRG Marks or any substantially similar marks for the same type of goods. The LRG Marks have never been abandoned. LRG actively polices and enforces its trademark rights.

8.      The LRG Marks are vital to LRG's apparel business. The LRG Marks represent virtually the entire value of the company's apparel business and its associated image. LRG suffers irreparable harm to its goodwill, as well as a direct monetary loss, any time any third parties, including the Defendant, sells counterfeit goods bearing identical or substantially similar trademarks.

9.      LRG received information the Defendant was selling apparel and other goods under the LRG Marks and which bore the work protected by the LRG Copyright Registration,

without LRG's authorization through a retail operation located at 1340 Wisconsin Avenue NW, Washington DC 20007, identified as Clutch.  However, the LRG Marks and the LRG Copyright have never been assigned or licensed to the Defendant, and the Defendant does not have, nor has he ever had, the right or authority to use the LRG Marks or the LRG Copyright for any purpose.

10.    On or about August 20, 2007, Nick Terrio, the Manager of Brand Protection for LRG traveled to the Defendant's retail business location of Clutch at 1340 Wisconsin Avenue NW, Washington DC 20007, and purchased one pair of shorts and one t-shirt bearing one more of the LRG Marks and copyrighted work at issue in this action.  Thereafter, Mr. Terrio returned to LRG's offices in California and delivered the LRG branded shorts and t-shirt he purchased from Clutch on August 20, 2007 to me for additional analysis.  *See* Ex. D, Declaration of Nick Terrio ("Terrio Decl.") in Support of Plaintiff's Motion for Entry of Final Default Judgment together with attached supporting Exhibits.

11.    I personally inspected and analyzed the LRG branded shorts and t-shirt purchased by Mr. Terrio from Clutch on August 20, 2007 and determined the shorts and t-shirt were non-genuine LRG products.  My analysis included review of the materials and workmanship used to make the labeling and marks used on the shorts and t-shirt.  Specifically, I determined the security labels were affixed incorrectly and the materials used in connection with the labeling were not consistent with similar style genuine LRG shorts and t-shirts.  Further, the hangtags attached to the shorts and the exterior marking, rivets, and buttons used in connection with the shorts were incorrect and not consistent with those found on similar style genuine LRG shorts.

12.    On or about May 24, 2008, Mr. Terrio returned to the Defendant's retail business Clutch, located at 1340 Wisconsin Avenue NW, Washington DC 20007, accompanied by Woodie T. White, LRG's Marketing Director.  Mr. White entered the location and purchased one

pair of shorts bearing one more of the LRG Marks and copyrighted work at issue in this action. Upon exiting the location, Mr. White handed the LRG branded shorts he purchased from Clutch to Mr. Terrio for analysis. After determining the LRG branded short were non-genuine LRG shorts, Mr. Terrio returned to LRG's offices in California and delivered the LRG branded shorts purchased from Clutch on May 24, 2008 to me for additional analysis. *See* Ex. D, Terrio Decl. with attached supporting Exhibits and Ex. E, Declaration of Woodie T. White in Support of Plaintiff's Motion for Entry of Final Default Judgment.

13.    I personally inspected and analyzed the LRG branded shorts purchased by Mr. White from Clutch on May 24, 2008 and determined, based on the same reasons as stated above, the shorts were non-genuine LRG shorts.

14.    In view of the foregoing, I can confirm that the LRG branded shorts and t-shirt purchased from the Defendant's retail business Clutch, located at 1340 Wisconsin Avenue NW, Washington DC 20007 are non-genuine counterfeit LRG products of a different quality than genuine LRG products.

15.    As a result of the availability of the counterfeit products being offered by the Defendant, LRG is highly likely to experience irreparable damage to its reputation among consumers unless the infringing activity alleged in the Complaint is stopped.

I declare the foregoing statements to be true and correct under penalty of perjury under the laws of the United States of America.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 2ʳᵈ day of July, 2008.

_____
Michael FitzSimons

5

# Exhibit 1
# Declaration of Michael FitzSimons


**Microsoft** Get more out of your software with Small Business+
• FREE training • FREE basic support chat • Special offers

Xtreme Entrepreneurs
See xtreme athletes turn their passion into success.
Read Profiles >>

Franchises for Sale | Entrepreneur en Español | Subscribe | Newsletters | Special Offers

# Entrepreneur.com

Search [                    ]  **Search**

| Home | Ask Entrepreneur | Grow Your Biz | Business Ideas | Franchises & Opportunities | Video | Tools & Services | Resource Center |

Home > Listing > Hot 500 > Company Details

## ENTREPRENEUR MAGAZINE'S
# HOT 500  THE FASTEST-GROWING BUSINESSES IN AMERICA

# #5  Lifted Research Group
**Men's and women's clothing**

[Previous] [Next]



Jonas Bevacqua

## Company Details
**Location:** Lake Forest, CA
**Founders:** Robert Wright, 34, Jonas Bevacqua, 29, Charlie Moothart, 52, Ronnie Ghenender, 62
**Website:** www.l-r-g.com, www.luxirie.com

**Year Started:** January 1999
**Initial Investment:** $200K

**Turned a Profit:** 2002
**First Million:** 2000

**2002 Sales:** $5M
**2006 Sales:** $150M

**Number of Employees:**
**Day 1:** 1
**2006:** 120
**2007:** 150*

* Projected by 2008

## Company Background

### Success Secret:
*"Passion, hard work and surrounding myself with great people. Also, listening to my heart rather than my pocket."*

**Success Secret** | What Is Success? | Best Advice |

### Sources of Startup Capital
☑ Friends & family          ☐ Venture capital
☐ Bank loan                 ☐ Private investors
☐ Line of credit            ☐ Credit cards
☐ Savings/personal funds

### Company Benefits
☑ Health insurance          ☐ Flextime
☐ Life insurance            ☑ Company car
☐ Telecommuting             ☑ 401(K)
☐ Tuition reimbursement     ☐ Stock options

### Browse the Hot 500
[Rank] [Sales 2006] [Industry] [Region]

## Today on Entrepreneur                     FEED

Spring Into Style
The Best Salesperson: Your Website
Should You Outsource Your Payroll?
For Real Planning, Start With the Review Schedule
The Guilty Mom Entrepreneur

More Stories »


THE MOST INTERESTING FAMILY IN THE NEIGHBORHOOD ISN'T ALWAYS IN THE NEIGHBORHOOD.




THE ALL-NEW 2008 SEQUOIA
ANYTHING BUT ORDINARY.

[ EXPERIENCE SEQUOIA ]

Options shown.

TOYOTA
moving forward

**Sponsored Links**

Robert Wright, Jonas Bevacqua, Charlie Moothart and Ronnie Ghenender collaborated together through a common love of music and fashion. In 1999, the founders combined their eclectic tastes into Lifted Research Group, better known as LRG. The independent clothing company has branded the underground hip-hop generation, being worn by hip-hop celebrities Kanye West and Chris Brown. According to the founders, the company's success has been the result of listening to their passions instead of their pockets.

## More Hot 500 Companies: Apparel & Accessories

| Rank | Company Name |
| --- | --- |
| 38 | **Vineyard Vines** <br> Apparel and accessories |
| 81 | **Bidz.com** <br> Online jewelry auction |
| 101 | **Bodell Inc.** <br> Women's clothing designer |
| 172 | **Kristall Inc.** <br> Diamond jewelry |
| 175 | **Legend Footwear Inc.** <br> Footwear wholesaler |
| 215 | **Concept One Accessories** <br> Headwear and handbags |
| 290 | **Foot Petals** <br> Footwear accessories |
| 318 | **Colorado Trading and Clothing Company** <br> Lifestyle apparel |
| 333 | **Lowrider Clothing** <br> Clothing designer |
| 347 | **Tulle** <br> Women's apparel importer and wholesaler |

View all Companies in Apparel & Accessories

## More Listings

Top 100 Venture Capital Firms

Best Banks for Small Business

Hot Cities for Entrepreneurs

Top Entrepreneurial Colleges

Entrepreneur's Franchise 500

Ads by Google

### Scalable Hosting

Scale Your Web Infrastructure Instantly With New Grid Technology!

www.ServePath.com/GridSeries



Entrepreneur Newsletters

✔ Sign up for the latest on

FREE E-Book with Your Subscription A $15 Value

☐ Starting a Business          ☐ e-Business & Technology

☐ Sales & Marketing          ☐ Franchise News

☐ Growing a Business          ☐ Business Book Sampler

E-mail*:

Zip Code*:          Submit

Give your small business a BIG advantage.

Verizon provides the dedicated support and industry leading solutions you need.

It's the Network          Learn More

**Sponsored Links**

Tools, tips, advice and events for small business.

BE AN ENTREPRENEUR: Get your business in gear with a business degree from the leading online schools.

Become a Professional Consultant. Own #1 Rated Internet Business. Online Marketing Experts - WSI.

The Best In Portable Trade Show Displays, Exhibits, Pop Up Displays & Banner Stands.

**Marketplace**



Learn how to distribute a
press release



Entrepreneur's Business
Startup Guides

---

Small Business - Home  |  Small Business Search  |  Women Entrepreneurs  |  Business Startup Guides  |  Business Bookstore  |  En Español  |  Magazine Subscriptions

Contact Us  |  Help  |  Newsletters  |  Affiliate Programs  |  Advertising Info  |  Press Releases  |  Special Offers  |  RSS Feeds  |  Site Map  |  Reprints & Permissions

Copyright © 2008 Entrepreneur.com, Inc. All rights reserved.  Privacy Policy

Exhibit F
Declaration of Nick Terrio

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LIFTED RESEARCH GROUP, INC.,<br>One Capital Drive<br>Lake Forest, California 92630, | )<br>)<br>)<br>) | |
| Plaintiff, | ) | Civil Action No. 1:08-cv-00390-CKK |
| v. | )<br>) | |
| BEHDAD, INC. d/b/a CLUTCH,<br>1340 Wisconsin Avenue NW<br>Washington, D.C. 20007-3310 | )<br>)<br>)<br>) | |
| and | ) | |
| DOES 1-10, | )<br>) | |
| Defendants. | )<br>) | |

## DECLARATION OF NICK TERRIO IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

I, Nick Terrio, declare as follows:

1.      I am over 18 years of age and have personal knowledge of the facts set forth herein.

2.      I am employed by Lifted Research Group, Inc. ("LRG"), as the Manager of Brand Protection, and have been so employed since 2006.  I have been employed by LRG in various other positions since 2000.  LRG is a corporation duly organized under the laws of the State of California with its principal place of business in the United States located at One Capital Drive, Lake Forest, California 92630.

3.      In my capacity as LRG's Manager of Brand Protection, I am responsible, in part, for LRG's trademark and anti-counterfeiting efforts in the United States.  As a result, I am fully familiar with most aspects of the manufacture, sale, and distribution of genuine LRG products,

including apparel, and I have been trained to identify the distinctions between genuine LRG merchandise and counterfeit copies of the same.

4.      LRG received information the Defendant was selling apparel and other goods bearing one or more of the LRG Marks and copyrighted work, without LRG's authorization, via the retail operation known as Clutch located at 1340 Wisconsin Avenue NW, Washington DC 20007.

5.      On August 20, 2007, I traveled to Clutch, located at 1340 Wisconsin Avenue NW, Washington DC 20007.  The location is a commercial retail store that offers brand name clothing for sale.  Upon entering the location I observed approximately twenty-five (25) pairs of jeans and shorts and approximately fifteen (15) t-shirts, all bearing one or more of the LRG Marks and copyrighted work at issue in this action.  I inspected the LRG branded jeans, shorts and t-shirts offered for sale at the location, and determined the jeans, shorts and t-shirts were non-genuine LRG products.  I reached this conclusion based on my observations of the materials and workmanship used to make the labeling used on the garments.  Specifically, the jeans, shorts and t-shirts I inspected were either missing LRG's security labels, which are affixed to genuine LRG jeans, shorts and t-shirts, or the security labels were affixed incorrectly. Further, the materials used in connection with the labeling were not consistent with genuine LRG jeans, shorts and t-shirts.

6.      I purchased one pair of LRG branded shorts and one LRG branded t-shirt from the Defendant's retail operation located at 1340 Wisconsin Avenue NW, Washington DC 20007 for a total purchase price of $60.00.  I paid for the purchase in cash and I was issued a handwritten receipt for the transaction.  True and correct copies of the photographs of the LRG branded jean shorts and t-shirt I purchased on August 20, 2007 from the Defendant's retail location at 1340

Wisconsin Avenue NW, Washington DC 20007 together with a true and correct copy of the receipt issued for my purchase are attached hereto as Composite Exhibit "1."

7.      Upon my return to LRG's offices in California, the LRG branded shorts and t-shirt I purchased on August 20, 2007 from the retail operation located at 1340 Wisconsin Avenue NW, Washington DC were turned over to Michael FitzSimons, Intellectual Property Manager for LRG ("FitzSimons") for additional analysis, and were determined to be non-genuine LRG goods.

8.      On December 10, 2007, LRG's counsel drafted cease and desist letter together with a draft Complaint on behalf of LRG to the Defendant requesting the Defendant, among other things, cease all sales of products bearing counterfeits of the LRG Marks and which infringe upon the work protected by the LRG Copyright.

9.      On December 11, 2007, I again traveled to the Defendant's retail operation located at 1340 Wisconsin Avenue NW, Washington DC 20007, in order to assist LRG's private investigators in the service of the December 10, 2008 cease and desist letter.  While at the location, I observed jeans, shorts and t-shits bearing counterfeits of the LRG Marks and which infringed on the work protected by the LRG copyright. During the service of the cease and desist letter, I spoke with a male who identified himself as the owner of the business.  The male initially agreed to voluntarily surrender the counterfeit LRG merchandise however he refused to counter-sign the cease and desist letter, and subsequently refused to surrender the counterfeit LRG goods. A true and correct copy of the December 10, 2007 cease and desist letter I served on the Defendant on December 11, 2007 is attached hereto as Exhibit "2."

10.      On May 24, 2008, I returned to the Defendant's retail operation located at 1340 Wisconsin Avenue NW, Washington DC 20007, accompanied by Woodie T. White, LRG's Marketing Director.  A sign on the storefront window identified the location as "Clutch."  I

remained outside of the establishment while Mr. White entered the location and purchased a pair

of LRG branded shorts for $51.81, including sales tax. Upon exiting the location, Mr. White

handed me the LRG branded shorts he purchased from the Defendant's retail operation together

with the receipt issued for the transaction.[1] I immediately inspected the LRG branded shorts and

determined, based on the same reasons as stated above, they were non-genuine LRG shorts. True

and correct copies of the photographs of the LRG branded shorts purchased on May 24, 2008

from the Defendant's retail operation located at 1340 Wisconsin Avenue NW, Washington DC

20007 together with a true and correct copy of the receipt issued for the transaction are attached

hereto as Composite Exhibit "3."

11.    Upon my return to LRG's offices in California, the LRG branded shorts

purchased on May 24, 2008 from the Defendant's retail store located at 1340 Wisconsin Avenue

NW, Washington DC were turned over to Mr. FitzSimons for additional analysis, and

determined to be non-genuine LRG shorts.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 1st day of July 2008.

Nick Terrio

---

[1] The receipt issued for the purchase of the counterfeit LRG shorts lists the business name as Couture 1340 Wisconsin Avenue NW, Washington DC 20007.

Declaration of Nick Terrio
Composite Exhibit 1







**Classic 47 fit specs**

Fit-classic
Rise-medium
Leg-standard
Bottom Opening-1/2" graded bottom opening which starts at a 18" bottom opening on a size 30 and grades up a up a 1/2" do the math-if the size 30 has a 18" bottom opening then size 32 would have a 19 1/2" bottom opening and so on and so on.

size 36

**make jeans not war**

*roots and equipment*

*dn gean*



L-R-G

V21302C47SH

DARK BLUE

FL076

8 83771 06662 3

36









Declaration of Nick Terrio
Exhibit 2

LAW OFFICES

# STEPHEN M. GAFFIGAN, P.A.

312 Southeast 17th Street
Second Floor
Ft. Lauderdale, Florida 33316
Phone: (954) 767-4819
Facsimile: (954) 767-4821

December 10, 2007

**Via Hand Delivery**

Esmail Bahrami
Behdad, Inc.
d/b/a Clutch
1340 Wisconsin Avenue NW
Washington, D.C. 20007-3310

Re:    **Lifted Research Group, Inc. v.  Bahrami, et al.**

Dear Mr. Bahrami:

This firm represents Lifted Research Group, Inc. ("LRG"), which is the owner of all rights in and to the following trademarks:

| **Mark** | **Reg. No.** | **Reg. Date** |
|---|---|---|
| LIFTED RESEARCH GROUP | 2,513,951 | December 4, 2001 |
| L R G | 2,633,832 | October 15, 2002 |
|  | 2,958,307 | May 31, 2005 |
|  | 2,506,859 | November 13, 2001 |

(collectively "the LRG Marks").  LRG has expended a great deal of effort, time, and money developing and promoting the LRG Marks which have come to symbolize high quality products including, but not limited to, button up shirts, tee shirts, blouses, pants, jackets, baseball caps, hats, knit caps, sweatshirts, jeans, and shorts.  Additionally, LRG is the owner of United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright").

Esmail Bahrami
Behdad, Inc.
December 9, 2007
Page 2

Recently, it has come to our client's attention that you have been offering products bearing counterfeit LRG Marks through at least the entity Clutch located at 1340 Wisconsin Avenue NW, Washington, D.C. 20007-3310.

On behalf of LRG, we demand the following:

1. That you immediately cease and desist any and all further sales of any products bearing the LRG Marks and/or Copyright;

2. That you immediately voluntarily surrender for destruction, or other disposition, all product and/or packaging in your possession, custody, or control bearing the LRG Marks and/or Copyright, as well as all advertising and promotional material relating thereto;

3. That you provide an accounting of the number of products bearing the LRG Marks and/or Copyright which you have sold, the price charged per item, and copies of all invoices, purchase orders, and shipping documents relating thereto; and any other documents in your possession relating to your sale of products bearing the LRG Marks and/or Copyright;

4. Your written confirmation that any and all ordering of, sale and distribution of products bearing the LRG Marks and/or Copyright has been discontinued and will not resume at any time in the future; and

5. A list of all suppliers and customers of the products bearing the LRG Marks and/or Copyright offered for sale by you.

We demand that all information requested above be provided to us within one week from the date this correspondence is delivered to you. We also request you countersign this correspondence where indicated to reflect your promise to cease and desist all further use of the LRG Marks and/or Copyright.  Once we receive all of the requested information, we will be in a position to discuss an amicable settlement of this matter with you.

Failure to respond to this correspondence in the time frame outlined above will result in the attached Complaint for Damages and Injunctive Relief being filed against you in the United States District Court, for the District of Columbia, at which time LRG will pursue every remedy available to it under the law.

Esmail Bahrami
Behdad, Inc.
December 9, 2007
Page 3

Nothing in this letter shall be construed as a waiver or relinquishment of any rights or remedies of LRG.

Very truly yours,

**STEPHEN M. GAFFIGAN, P.A.**

By: _Stephen M. Gaffigan_____
Stephen M. Gaffigan

SMG/keb
Enc.

**AGREED TO AND ACCEPTED BY:  ESMAIL BAHRAMI d/b/a CLUTCH**

_____    Dated: _____
Esmail Bahrami

**AGREED TO AND ACCEPTED BY:  BEHDAD, INC. d/b/a CLUTCH**

_____    Dated: _____
Printed Name:_____
Title: _____

Declaration of Nick Terrio
Composite Exhibit 3





Case 1:08-cv-00890-CKK    Document 8-7    Filed 07/07/2008    Page 22 of 26

COUTURE
1340 WISCONSIN AVE NW
WASHINGTON DC 20007
202-333-3659

Sale

ID: 7952762
05/24/08                        Ref #:     0007
Batch #: 004                     13:36:33

VISA
************5155

Appr Code: 010122   Inv#: 000007

Amount:                              $ 49.00
Tax:                                 $ 2.81
                          ==================
Total:                               $ 51.81





STYLE #:  O17403BTSH

STYLE NAME: Hobo Junction Short

SIZE:  36

COLOR:  Blue





Classic 47 fit specs
Fit-classic
Rise-medium
Leg-standard
Bottom Opening-1/2" graded bottom opening, which starts at a 18" bottom opening on a size 30 and grades up a up a 1/2" do the math-if the size 30 has a 18" bottom opening then size 32 is a 18 1/2" bottom opening

size 36

make jeans
not war

*in jeans*

roots and equipment

# Exhibit G
# Declaration of Woodie T. White

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LIFTED RESEARCH GROUP, INC.,    )
One Capital Drive    )
Lake Forest, California 92630,    )
    )
       Plaintiff,    )    Civil Action No. 1:08-cv-00390-CKK
    v.    )
    )
BEHDAD, INC. d/b/a CLUTCH,    )
1340 Wisconsin Avenue NW    )
Washington, D.C. 20007-3310    )
    )
and    )
    )
DOES 1-10,    )
    )
       Defendants.    )

## DECLARATION OF WOODIE T. WHITE IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

I, Woodie T. White, declare as follows:

1.     I am over 18 years of age and have personal knowledge of the facts set forth here

2.     I am employed by Lifted Research Group, Inc. ("LRG"), as the Marketing

Director, and have been so employed since 2003.

3.     On May 24, 2008, I traveled to the retail store located at 1340 Wisconsin Avenue

NW, Washington DC 20007, together with Nick Terrio, LRG's Manager of Brand Protection.

The sign on the storefront window identified the location as "Clutch."

4.     I entered the location and purchased a pair of LRG branded shorts for $51.81,

including sales tax.  I paid for my purchase via credit card, and I was issued a receipt for the

transaction.  Immediately upon exiting the location, I handed the LRG branded shorts I

purchased to Mr. Terrio.  True and correct copies of photographs of the LRG branded shorts I

purchased on May 24, 2008 from the retail store located at 1340 Wisconsin Avenue NW,

Washington DC 20007 together with a true and correct copy of the receipt issued for my

purchase are attached to the Declaration of Nick Terrio as Composite Exhibit "3."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this ___ day of July 2008.

Woodie T. White

Exhibit H
Declaration of Stephen M. Gaffigan

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LIFTED RESEARCH GROUP, INC.,    )
One Capital Drive    )
Lake Forest, California 92630,    )
    )
       Plaintiff,    )     Civil Action No. 1:08-cv-00390-CKK
      v.    )
    )
BEHDAD, INC. d/b/a CLUTCH,    )
1340 Wisconsin Avenue NW    )
Washington, D.C. 20007-3310    )
    )
and    )
    )
DOES 1-10,    )
    )
       Defendants.    )
    )

## DECLARATION OF STEPHEN M. GAFFIGAN IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

I, Stephen M. Gaffigan, declare as follows:

1.    I am an attorney for the Plaintiff, Lifted Research Group, Inc. ("LRG"). I am duly authorized and licensed to practice law before all courts in the State of Florida, the Southern and Middle District Courts of Florida, the Eastern District of Michigan, the Eleventh Circuit Court of Appeals, and the Federal Circuit Court of Appeals. I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts in support of LRG's Motion for Entry of Default Judgment against Defendant Behdad, Inc., a District of Columbia corporation, d/b/a Clutch ("Behdad" or "Defendant.")

2.    In an effort to avoid litigation, on December 10, 2007, I drafted a cease and desist letter along with a draft of the Complaint filed in this action on behalf of LRG to Esmail

Bahrami, Behdad, Inc. d/b/a Clutch, 1340 Wisconsin Avenue NW, Washington DC 20007, which was served on December 11, 2007.  The letter advised the Defendant was violating LRG's rights and demanded the Defendant stop.  The letter also required the Defendant to contact me and disclose information and records regarding the counterfeiting and infringement of the LRG Marks and Copyrighted work.  A true and correct copy of the December 10, 2007 cease and desist I drafted is attached as Exhibit "2" to the Declaration of Nick Terrio in Support of Plaintiff's Motion for Entry of Final Default Judgment.

3.     The Defendant did not respond to my letter, comply with the letter's demands, or communicate with me in any other way.

**RE:  REQUEST FOR ATTORNEY FEES**

4.     I am engaged to coordinate LRG's nationwide anti-counterfeiting efforts.  I have been an attorney practicing in Florida for 13 years.  I have extensive litigation experience.

5.     On behalf of LRG, I began working on the investigation leading up to this action in July 2007.

6.     From July 2007, through the present, the total hours I have billed LRG are 7 hours at a rate of $350.00.  To date, I have been paid fees in the amount of $2,450.00.

7.     Some hours in this matter were discounted as a professional courtesy.

8.     All attorney time incurred in this matter relates to the gathering of investigative information, preparation of documents and pleadings, settlement discussions and other litigation related legal services.  I made every reasonable effort to minimize the hours spent on the case, and the fee requested is equal to or below the amount spent on similar past cases.

9.    My billing rate for intellectual property litigation is $350.00 per hour, which I believe is equal to or less than the prevailing rate for intellectual property attorneys in the District of Columbia, where this action was filed.

**RE:  REQUEST FOR COSTS**

10.    I am one of the attorneys under whose direction these costs were incurred in the investigation and prosecution of this action.

11.    To the best of my knowledge and belief, $75.00 in costs were necessarily incurred by my office in this matter for service of process for the Defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 2nd day of July 2008.

_____
Stephen M. Gaffigan

EXHIBIT 1

**Process Forwarding International**
633 Yesler Way
Seattle, WA 98104
800.232.8854

PFI Tracking #: 5251973

Billed: Mar 31 2008
Printed: Jul 1 2008

## Invoice and Service Detail

| INVOICE TOTAL DUE | |
|---|---|
| Total: | 75.00 |
| Pre-Paid Retainer: | 0.00 |
| Amount Due: | 75.00 |

**Gaffigan, Stephen M (PFI)**

Acct: 104118
Case Reference: LRG V. BEHDAD, INC.
312 SE 17th St, 2nd Floor
Ft Lauderdale, FL 33316

Case Heading: LIFTED RESEARCH GROUP, INC., A v BEHDAD, INC. DBA CLUTCH

Cause #: 1:08-CV-00390

Court: UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA

| | |
|---|---|
| **Documents:** | SUMMONS AND COMPLAINT FOR DAMAGESAND INJUNCTIVE RELIEF |
| **Servee(s):** | BEHDAD, INC. DBA CLUTCH |
| **Person Served:** | Esmail Bahrami, REGISTERED AGENT, A Middle Eastern male approx. 55-65 years of age 5'6"-5'8" in height weighing 140-160 lbs with gray hair |
| **Date/Time:** | Mar 20 2008 2:25PM |
| **Service Address:** | 1340 WISCONSIN AVE NW WASHINGTON, DC 20007 |

**Service notes and/or description of person served:**

| Special Handling: BELIEVE THIS TO BE A BUSINESS ADDRESS. | Service History and Notes |
|---|---|
| **Alternate/POE Address:** , | 03/12/08 Work Order Received and Entered |
| **Mailing Address:** , | |

| Services Performed Cost Detail | |
|---|---|
| **DESCRIPTION** | **PRICE** |
| PFI SERVED | 75.00 |

**Bad Addresses:**

**BA Count: 0**    If BA Count is greater than 3, contact PFI for more information.

Exhibit I
Proposed Permanent Injunction

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC., )<br>One Capital Drive )<br>Lake Forest, California 92630, )<br> )<br>       Plaintiff, )<br>   v. )<br> )<br>BEHDAD, INC. d/b/a CLUTCH, )<br>1340 Wisconsin Avenue NW )<br>Washington, D.C. 20007-3310 )<br> )<br>and )<br> )<br>DOES 1-10, )<br> )<br>      Defendants. )<br> ) | Civil Action No. 1:08-cv-00390-CKK |

### <u>PERMANENT INJUNCTION AGASINT BEHDAD, INC</u>

THIS CAUSE having come before the Court on Plaintiff Lifted Research Group, Inc.'s ("LRG") Motion for Final Default Judgment against Defendant Behdad, Inc. d/b/a Clutch, the Court having granted the Motion does hereby:

**ORDER AND ADJUDGE** that Defendant Behdad, Inc. and its respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with it are hereby restrained and enjoined from, intentionally and/or knowingly:

(a) manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the LRG Marks and/or the work protected by the LRG Copyright;

(b) using the LRG Marks and/or the work protected by the LRG Copyright in connection with the sale of any unauthorized goods;

(c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of Clutch and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with LRG;

(d) falsely representing itself as being connected with LRG, through sponsorship or association;

(e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Clutch and/or any other website or business, are in any way endorsed by, approved by, and/or associated with LRG;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the LRG Marks and/or the work protected by the LRG Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by Clutch and/or any other website or business, including, without limitation, jeans, shorts and t-shirts;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Clutch and/or any other website or business, goods as being those of LRG, or in any way endorsed by LRG;

(h) offering such goods in commerce;

(i) and from otherwise unfairly competing with LRG;

(j) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the LRG Marks and/or the work protected by the LRG Copyright; and

(k) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

**SO ORDERED**.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge