UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC.,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>BEHDAD, INC., *et al.*,<br><br>　　Defendants. | Civil Action No. 08-390 (CKK) |

**MEMORANDUM OPINION**
(December 10, 2008)

Plaintiff Lifted Research Group, Inc. ("LRG") filed a Complaint in this case against Defendant Behdad, Inc. ("Defendant") on March 4, 2008 alleging violations of federal trademark and copyright law.[1]  *See* Compl., Docket No. [1].  Although properly and timely served with the Complaint and Summons, Defendant failed to respond to the Complaint, and the Clerk of the Court, upon motion by Plaintiff, entered default against Defendant on May 16, 2008.  *See* Clerk's Entry of Default as to Behdad, Inc., Docket No. [5].  Presently before the Court is Plaintiff's [8] Motion for Default Judgment.  Having thoroughly considered Plaintiff's submissions, including the attachments thereto, applicable case law, statutory authority, and the

---

[1] Plaintiff's Complaint in this case also named as Defendants "John Does 1-10." *See* Compl., Docket No. [1]. On June 18, 2008, this Court issued an Order instructing Plaintiff that failure to serve Defendants "Does 1-10" by July 2, 2008, or to provide the Court with an explanation for why Does 1-10 had not yet been served, would result in dismissal of this case as to John Does 1-10 without prejudice in accordance with Federal Rules of Civil Procedure 4(m). 06/18/08 Order, Docket No. [6]. As service of the summons and complaint has not yet been made by Plaintiff on Defendants Does 1-10, the Court has, by separate Order, dismissed without prejudice Does 1-10 as defendants in this case for Plaintiff's failure to serve the summons and complaint pursuant to Rule 4(m).

record of the case as a whole, the Court shall GRANT IN PART and HOLD IN ABEYANCE IN PART Plaintiff's [8] Motion for Default Judgment as to Defendant Behdad, Inc. Specifically, the Court grants Plaintiff's Motion as to liability and its request for injunctive relief, but holds in abeyance Plaintiff's Motion as to its request for monetary damages, for the reasons stated below.

### I. BACKGROUND

Plaintiff filed a Complaint in the above-captioned case on March 4, 2008, alleging: (1) trademark counterfeiting and infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) copyright infringement in violation of 17 U.S.C. § 501. Compl. at ¶¶ 27-45. As is relevant to the instant case, Plaintiff is the owner of all rights in and to four trademarks (Reg. Nos. 2,513,951; 2,633,832; 2,506, 859; and 2,958,307 (hereinafter "Marks")), and is also the owner of United States Copyright Registration No. VA-1-348-151 (hereinafter "Copyright"). Pl.'s Mot. for Default J. at 2-3; *see also* Compl. at ¶ 7. According to the Complaint, Defendant is the owner and operator of a retail operation within the District of Columbia that Plaintiff alleges fraudulently promoted, advertised, distributed, offered for sale and sold certain apparel items, including jeans, shorts and t-shirts, bearing the counterfeits of Plaintiff's Marks and which infringe on the work protected by Plaintiff's Copyright. Compl. at ¶¶ 4-5, 16-22; *see also* Pl.'s Mot. for Default J. at 6.

Defendant was served with the Complaint and Summons on March 20, 2008, and was therefore required to respond by April 9, 2008. *See* Return of Service/Affidavit, Docket No. [3]; *see also* Pl.'s Mot. for Entry of Default, Docket No. [4]. Defendant failed to file an answer or otherwise respond to Plaintiff's Complaint, and Plaintiff moved for entry of default as to

Defendant.  *See* P.'s Mot. for Entry of Default, Docket No. [4].  On May 16, 2008, the Clerk of the Court entered default against Defendant.  *See* Clerk's Entry of Default as to Behdad, Inc., Docket No. [5].  Plaintiff now moves for entry of default judgment as to Defendant Behdad, Inc.  *See* Pl.'s Mot. for Default J., Docket No. [8].

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  FED. R. CIV. P. 55(a).  After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b).  FED. R. CIV. P. 55(B).  "The determination of whether default judgment is appropriate is committed to the discretion of the trial court."  *Int'l Painters and Allied Trades Industry Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."  *Int'l Painters and Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted).  "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain."  *Id.* (citing *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).  Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested.  *Id.*  "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Id.*

## III.  DISCUSSION

*A.  Liability for Violations of the Lanham Act and the Copyright Act*

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC,* 531 F. Supp. 2d at 57 (internal quotation marks omitted).  The Clerk of the Court entered Defendant's default, and the factual allegations in the Complaint are therefore taken as true.  *R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 30.  The Court finds that Plaintiff's Complaint sufficiently alleges facts to support Plaintiff's claims of trademark counterfeiting and infringement, false designation of origin, and copyright infringement.

First, a claim for federal trademark infringement pursuant to 15 U.S.C. § 1114 and a claim for a false designation of origin pursuant to 15 U.S.C. § 1125(a) are measured by the same standards under the Lanham Act.  *See Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 26 (D.D.C. 2006); *see also A&H Sportwear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000).  To prevail on either claim in the D.C. Circuit, "the plaintiff must show (1) that it owns a valid trademark, (2) that its trademark is distinctive or has acquired a secondary meaning, and (3) that there is a substantial likelihood of confusion between the plaintiff's mark and the alleged infringer's mark." *Globalaw Ltd.*, 452 F. Supp. 2d at 26-27 (internal quotation marks omitted).  By default, Defendant admits that Plaintiff has valid Marks that have a secondary meaning and that there is a substantial likelihood of confusion.  *See* Compl. at ¶¶ 2, 7-14, 17, 22, 27-40

Second, to establish trademark counterfeiting, Plaintiff must show that Defendant

infringed a registered trademark in violation of 15 U.S.C. § 1114(1)(a) and that Defendant "intentionally used a mark, knowing such mark is a counterfeit mark." 15 U.S.C. § 1117(b); *see also Babbit Elec., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1181 (11th Cir. 1994). As shown directly above, *supra* 4, Plaintiff has established that Defendant infringed Plaintiff's registered trademarks, and, by default, Defendant admits that it intentionally used the Marks knowing they were counterfeit, *see* Compl. ¶¶15-22, 27-33.

Third, and finally, to prevail on a claim of copyright infringement Plaintiff "must prove '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Stenograph LLC v. Bossard Assocs., Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)). Again, by default, Defendant admits that Plaintiff owns a valid Copyright, and has copied elements of Plaintiff's Copyright that are original. *See* Compl. ¶¶ 7, 18, 41-45. Accordingly, the Court determines that Plaintiff is entitled to default judgment as to liability on its claims.

### B. Appropriate Relief

Plaintiff requests relief in the form of both injunctive relief and monetary damages. The Court shall first consider Plaintiff's request for injunctive relief before turning to Plaintiff's request for monetary damages.

### 1. Injunction

Plaintiff requests the Court permanently enjoin Defendant from infringing any of Plaintiff's intellectual property rights, including Plaintiff's Marks and the work protected by Plaintiff's Copyright. Pl.'s Mot. for Default J. at 9. A district court has authority under both the Lanham Act and the Copyright Act to grant injunctive relief to prevent further violations of

Plaintiff's trademark rights and copyrights.  15 U.S.C. § 1116; 17 U.S.C. § 502.  "In determining whether to enter a permanent injunction, the Court considers a modified iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits, (2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether, balancing the hardships, there is harm to defendants or other interested parties, and (4) whether the public interest favors granting the injunction."  *American Civil Liberties Union v. Mineta*, 319 F. Supp.2d 69, 87 (D.D.C. 2004).  As discussed above, *supra* 4-5, Plaintiff has succeeded, by default, on the merits of the instant action.  Plaintiff has also shown, in its Motion for Default Judgment and the attached affidavits, that Defendant has continued to sell counterfeit LRG apparel despite issuance of a cease and desist letter and filing of the instant lawsuit.  *See* Pl.'s Mot. for Default J. at 10.  Generally, copyright and trademark infringement, by their very nature, carry a presumption of harm.  *See Health Ins., Ass'n of America v. Novelli*, 211 F. Supp. 2d 23, 28 (D.D.C. 2002) (quoting *Hart v. Sampley*, Civ. No. A.91-3068, 1992 WL 100135 at *3 (D.D.C. Feb. 4, 1992)).  Moreover, the Court agrees that Defendant's continuing disregard for Plaintiff's rights demonstrates that Defendant will continue to infringe on Plaintiff's rights, absent an injunction.  This finding alone entitles Plaintiff to a permanent injunction.  *Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. Cir. 1990) ("When a copyright plaintiff has established a threat of continuing infringement, he is *entitled* to an injunction.") (citing *Universal City Studios v. Sony Corp. of America*, 659 F.2d 963, 976 (9th Cir. 1981)).  The Court further finds that an injunction would not harm others, and that public interest favors protecting against further violation of federal copyright and trademark laws.  Accordingly, the Court concludes that Plaintiff is entitled to a permanent injunction, as requested in its Motion for Default Judgment.

*2. Monetary Damages*

Plaintiff requests the Court award it $106,560.00 in statutory damages for violations of the Lanham Act, $30,000 in statutory damages for violations of the Copyright Act, and $4,275.00 in reasonable attorneys' fees and costs (including reasonable investigative fees). Pl.'s Mot. for Default J. at 18-19. "Statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007) (citing cases). "[T]he Court has wide discretion to determine the amount of statutory damages to be awarded." *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1336 (9th Cir. 1990) (internal quotation marks omitted). The Lanham Act provides for statutory damages of not less than $500.00 nor more than $100,000.00 per counterfeit mark per type of goods, with an increased limit of $1,000,000.00 for willful infringement. 15 U.S.C. § 1117(c).[2] Similarly, the Copyright Act provides for statutory damages of not less than $750.00 and not more than $30,000.00 with respect to any one work, for which one infringer is liable individually, with an increased limit of $150,000.00 for willful infringement. 17 U.S.C. § 504(c). Here, Defendant has refused to

---

[2]On October 13, 2008, 15 U.S.C. § 1117(c) was amended to increase the statutory damages range to "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods [] sold" and also increased the statutory damages available for willful use of a counterfeit mark to "not more than $2,000,000 per counterfeit mark per type of goods [] sold." Pub. L. No. 110-403, 122 Stat. 4256, 4259 (2008). Plaintiff's Motion for Default Judgment, filed prior to the amendment, cites to the unamended version of the statute that previously set the range between $500 and $100,000 and provides for a maximum limit of $1,000,000 for willful use. *See* Pl.'s Mot. for Default J. at 11. The Court finds that it is appropriate to apply the pre-amendment range, as there is no indication that the new statutory range applies retroactively. *See Magna-RX, Inc. v. Holley*, No. CV 05-3545, 2008 Wl 506897, *3 n.4 (applying 15 U.S.C. § 1117(c)(1) amendment prospectively); *cf Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 971 (2d Cir.1985) (finding that amendment to treble damages provision of Section 1117 applies prospectively).

participate in this litigation and has not provided any information to Plaintiff or the Court regarding Defendant's sales, revenues, profits or expenses. An award of statutory damages is therefore appropriate.

The Court emphasizes, however, that when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 30. The Court finds that Plaintiff has not sufficiently established the legal basis for the monetary damages requested, and that the Court therefore cannot, at this point, award the requested amount of monetary damages. Specifically, Plaintiff has not shown: (a) that it is entitled to recover a separate award of statutory damages under *both* the Lanham Act and the Copyright Act; and (b) the legal basis for its calculation of the requested amounts of statutory damages under both the Lanham Act and the Copyright Act. Accordingly, the Court shall hold in abeyance Plaintiff's Motion for Default Judgment as to its request for monetary damages, pending the provision of supplemental briefing specifically addressing these two discrete issues, as discussed in more detail below.

> *a. Recovery of Statutory Damages under both the Lanham Act and the Copyright Act*

Although Plaintiff's Motion is silent on this question, the Court finds that it is unclear whether Plaintiff is legally entitled to collect statutory damages under *both* the Lanham Act and the Copyright Act for the same injuries. In briefly reviewing the relevant legal authority on this question, it appears to the Court that this is an issue of first impression in the D.C. Circuit and that, among the several courts that have been presented with a request for recovery of statutory damages under both Acts, there is disagreement as to the proper resolution of this issue. For example, some courts have found that recovery of statutory damages under both the Lanham Act

and the Copyright Act for the same injury impermissibly allows a plaintiff dual recovery, s*ee, e.g., Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-cv-1429, 2008 WL 4179653, at*8-10 (E.D.N.Y. Sept. 10, 2008), while other courts have held that such recovery is permitted, *see, e.g., Microsoft Corp. v. Online Datalink Computer, Inc.*, No. 07cv01165, 2008 WL 1995209, at *3 (S.D. Cal. May 6, 2008).  Given this disagreement over the legal authority of a court to award a plaintiff statutory damages for both trademark and copyright infringements, and the apparent lack of any binding precedent addressing this question in the D.C. Circuit, the Court requests Plaintiff provide supplemental briefing specifically addressing this question.  In particular, Plaintiff's supplemental briefing must address whether this is, in fact, an issue of first impression in the D.C. Circuit and, if so, provide sufficient legal justification for Plaintiff's position that this Court has the authority to award statutory damages under both Acts.

> b. *Plaintiff's Calculation of Statutory Damages under both the Lanham Act and the Copyright Act*

As stated above, Plaintiff requests the Court award it $106,560.00 in statutory damages for violations of the Lanham Act and $30,000.00 in statutory damages for violations of the Copyright Act.  Pl.'s Mot. for Default J. at 18-19.  As to the former, Plaintiff bases its total requested statutory damages on the following calculation: (1) begin with a baseline statutory award of $1,4800.00, which represents what Plaintiff asserts is the total sale price for the goods at issue offered for sale by Defendant on August 20, 2007; (2) treble the statutory award to reflect Defendant's willfulness; and (3) double the resulting amount for the purpose of deterrence.  Pl.'s Mot. for Default J. at 13-14.  Plaintiff suggests this amount is reasonable and provides cases which have granted statutory damages at this level or higher, *id.* at 14, but does not provide the Court with any legal authority supporting its specific method of calculating the

statutory damages requested here.  For example, on what basis does Plaintiff submit it is reasonable to treble the statutory damages requested for willfulness and then multiple that result by two for deterrence purposes?  Similarly, as to the latter request, Plaintiff requests the statutory maximum award of $30,000.00, but does not provide legal authority justifying the imposition of the statutory maximum.  *See id.* at 16.  The Court therefore requests Plaintiff provide supplemental briefing specifically addressing the legal authority for Plaintiff's calculations of its requested statutory damages.

### IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT IN PART and HOLD IN ABEYANCE IN PART Plaintiff's [8] Motion for Default Judgment as to Defendant Behdad, Inc.  Specifically, the Court grants Plaintiff's Motion as to liability and its request for injunctive relief, but holds in abeyance Plaintiff's Motion as to its request for monetary damages pending further briefing by Plaintiff.  Plaintiff is therefore requested to submit, no later than January 30, 2009, supplemental briefing addressing: (a) whether Plaintiff is entitled to recover a separate award of statutory damages under *both* the Lanham Act and the Copyright Act; and (b) the legal basis for Plaintiff's calculation of its requested amounts of statutory damages under both the Lanham Act and the Copyright Act.

Date: December 10, 2008

                                           ___/s/_____
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge