# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LIFTED RESEARCH GROUP, INC.,

   Plaintiff,

     v.

BEHDAD, INC., *et al.*,

   Defendants.

Civil Action No. 08-390 (CKK)

## MEMORANDUM OPINION
(June 30, 2010)

Plaintiff Lifted Research Group, Inc. ("LRG") filed a Complaint in this case against Defendant Behdad, Inc. ("Behdad") on March 4, 2008, alleging violations of federal trademark and copyright law.[1] *See* Compl., Docket No. [1]. Although properly and timely served with the Complaint and Summons, Behdad failed to respond to the Complaint, and the Clerk of the Court, upon motion by LRG, entered default against Behdad. *See* Clerk's Entry of Default as to Behdad , Docket No. [5]. LRG subsequently filed a [8] Motion for Default Judgment, which was granted-in-part and held in abeyance-in-part. *See LRG v. Behdad, Inc.*, 591 F. Supp. 2d 3 (D.D.C. 2008). Specifically, the Court granted LRG's Motion for Default Judgment as to Behdad's liability and LRG's request for injunctive relief, but held the motion in abeyance with respect to LRG's request for monetary damages. The Court directed LRG to file a supplemental memorandum providing further legal support for its monetary damages request.

---

[1] Plaintiff's Complaint in this case also named as Defendants "John Does 1-10." *See* Compl., Docket No. [1]. By Order dated December 10, 2008, the Court dismissed Does 1-10 as defendants in this case without prejudice for Plaintiff's failure to serve the summons and complaint on them. *See* December 10, 2008 Order, Docket No. [9]. Accordingly, Behdad is the only remaining Defendant in the case at this time.

This matter now comes before the Court upon the filing by LRG of the requested [13] Supplemental Memorandum in support of its Motion for Default Judgment ("Supplemental Memorandum"). The Court has thoroughly considered LRG's Supplemental Memorandum, the attachments thereto, the relevant case law as well as statutory authority, and the record of this case as a whole. For the reasons set forth below, the Court shall GRANT LRG's [8] Motion for Default Judgment insofar as it seeks monetary damages and shall award LRG a monetary judgment in the amount of $140,835.00, which consists of: (a) $106,560.00 in statutory damages pursuant to 15 U.S.C. § 1117(c); (b) $30,000.00 in statutory damages pursuant to 17 U.S.C. § 504; (c) $3,600.00 in reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505; (d) $250.00 in reasonable investigative fees pursuant to 15 U.S.C. § 1117(a); and (e) $425.00 in reasonable costs pursuant to 15 U.S.C. § 1117(a).

## I. BACKGROUND

Plaintiff LRG is a California corporation that manufactures and distributes apparel under four federally registered trademarks (Reg. Nos. 2,513,951; 2,633,832; 2,958,307; and 2,506,859 (hereinafter "LRG Marks")) and a registered copyright (Reg. No. VA-1-348-151). Complaint, Docket No. [1], ¶¶ 2, 7. LRG brought suit on March 4, 2008 against Defendant Behdad, a District of Columbia corporation operating a retail business known as Clutch. *Id.* ¶ 3. The Complaint alleged Behdad advertised, distributed, and sold counterfeit products, including jeans and t-shirts, bearing LRG Marks and nearly identical in appearance to genuine LRG goods. *Id.* ¶¶ 3, 16, 36. LRG alleged the following specific violations: (1) trademark counterfeiting and infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (3) copyright

2

infringement in violation of the Copyright Act, 17 U.S.C. § 501. *Id.* ¶¶ 27–45.

According to the Complaint, Behdad was aware of LRG's ownership of LRG Marks and Copyright and knew its own goods would be mistaken for LRG products. *See id.* ¶¶ 15, 17. In addition, Behdad failed to cease its conduct after it was formally notified and requested to do so by LRG. Prior to filing the Complaint, LRG delivered a cease and desist letter to Behdad on December 11, 2007. *See* Pl.'s Mot. for Default J. at 8 (citing Declaration o f Stephen M. Gaffigan ("Gaffigan Decl.") ¶ 2), Docket No. [8]. Nonetheless, on May 24, 2008, more than two months after the Complaint was filed, Behdad continued to offer counterfeit LRG products for sale. *Id.*

Behdad did not respond to the Complaint or otherwise participate in the litigation of this case. Behdad was served with the Complaint and Summons on March 20, 2008. *See* Return of Service/Affidavit, Docket No. [3]. After Behdad failed to respond to the Complaint, LRG filed a [4] Motion for Entry of Default. The Clerk of the Court entered default against Behdad pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default as to Behdad, Docket No. [5]. On December 10, 2008, LRG's [8] Motion for Default Judgment was granted-in-part and held in abeyance-in-part pursuant to Federal Rule of Civil Procedure 55(b)(2). *See LRG v. Behdad, Inc.*, 591 F. Supp. 2d 3 (D.D.C. 2008). Specifically, the Court granted LRG's Motion for Default Judgment as to the Defendant's liability for violations of the Lanham Act and the Copyright Act and LRG's request for injunctive relief, but held the motion in abeyance with respect to LRG's request for monetary damages and directed LRG to file supplemental briefing concerning the legal authority for LRG's requested statutory damages. *See id.* at 10. LRG, which had requested $106,560.00 in statutory damages under the Lanham Act and $30,000.00 in statutory damages under the Copyright Act as well as attorneys' fees and costs, has now filed the

requested Supplemental Memorandum.  *See* Supplemental Mem., Docket No. [13].

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).  After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b).  FED. R. CIV. P. 55(b).  "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters and Allied Trades Industry Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters and Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted).  "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).  Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.*  "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

## III.  DISCUSSION

As set forth in LRG's Motion for Default Judgment, LRG has requested recovery of statutory damages under both the Lanham Act and the Copyright Act.  *See* Supplemental Mem. at

9–14. Both the Lanham Act and the Copyright Act authorize the recovery of either actual or statutory damages, at the plaintiff's election. 15 U.S.C. § 1117(c); 17 U.S.C. § 504(a). Under the Lanham Act, the trademark holder may recover statutory damages from $500.00 to $100,000.00 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed," regardless of willfulness, and up to $1,000,000.00 per counterfeit mark per type of goods if the infringement was willful. 15 U.S.C. § 1117(c).[2] Under the Copyright Act, the copyright holder may recover statutory damages from $750.00 to $30,000.00 per work infringed, regardless of willfulness, and enhanced damages up to $150,000.00 if the infringement was willful. 17 U.S.C. § 504(c). As Behdad has not responded to the Complaint or otherwise participated in litigation of this case, actual damages are difficult to determine. Thus, LRG has appropriately requested statutory damages. *See Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007) ("[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed.") (citing cases). The question now before the Court is whether LRG may recover statutory damages under both Acts and if so, whether the specific damages requested by LRG are reasonable.

    A.    *Plaintiff is Entitled to Recover Statutory Damages Under Both the Lanham Act and the Copyright Act.*

Whether a party can recover statutory damages under both the Lanham Act and the

---

[2] After the Complaint was filed, 15 U.S.C. § 1117(c) was amended to increase the statutory award levels to a range from $1,000.00 to $200,000.00, and up to $2,000,000.00 for willful infringement. Pub. L. No. 110-403, 122 Stat. 4256, 4259 (2008). The Court previously noted in its December 10, 2008 Memorandum Opinion that "it is appropriate to apply the pre-amendment range, as there is no indication that the new statutory range applies retroactively." *LRG*, 591 F. Supp. 2d at 8, n. 2. LRG indicates that it "agrees with the Court's conclusion that the new [amendments to] 15 U.S.C. § 1117(c) do[] not apply retroactively and [are], therefore, inapplicable in this case." Supplemental Mem. at 10, n. 2.

Copyright Act is a matter of first impression in the D.C. Circuit. The majority of courts that have considered this question outside of this jurisdiction, however, have concluded that awarding damages under both the Lanham and Copyright Acts does not constitute double recovery. *See, e.g.*, *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010-11 (9th Cir. 1994) (affirming an award of disgorgement of the defendant's ill-gotten profits under the Lanham Act and statutory damages under the Copyright Act); *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238–39 (E.D. Cal. 2008) (awarding statutory damages under both the Lanham and Copyright Acts in a default judgment for distribution of infringing software); *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 881–82 (S.D. Ohio 2007) ("A successful plaintiff is entitled to recover a separate award of statutory damages under both the Copyright Act and the Lanham Act when a defendant has infringed both its trademarks and copyrights, even when by a single act."); *Microsoft Corp. v. Sellers*, 411 F. Supp. 2d 913, 920–21 (E.D. Tenn. 2006) (granting summary judgment for Microsoft and awarding statutory damages under both the Lanham and Copyright Acts); *Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*, 269 F. Supp. 2d 118, 123–24 (W.D.N.Y. 2002) (same); *Microsoft Corp. v. Tierra Computer*, 184 F. Supp. 2d 1329, 1331 (N.D. Ga. 2001) (finding an award of statutory damages under both statutes does not constitute a double recovery because the infringing party committed two wrongs); *Microsoft Corp. v. Compusource Distribs.*, 115 F. Supp. 2d 800, 811 (E.D. Mich. 2000) ("In so far as the Lanham Act and the Copyright Act provide separate remedies for distinct injuries, [the plaintiff] may seek damages under each Act."); *Lifted Research Group, Inc. v. Salem*, No. C-08-4497, 2009 WL 1371416 (N.D.Cal. May 15, 2009) (granting LRG a default judgment, including an award of statutory damages under both the Lanham and Copyright Acts); *but see Murray v. Shaw Indus., Inc.*, 990 F. Supp. 46, 47 (D.

6

Mass.1997) (ruling that awarding damages under both statutes based on the violator's profits would be impermissible); *Mfrs. Techs., Inc. v. Cams, Inc.*, 728 F. Supp. 75, 85 (D. Conn. 1989) (ruling an award of actual damages under both statutes for the same "wrong" would be an impermissible double recovery).

The Court is persuaded by the reasoning of these decisions that LRG is entitled to an award of statutory damages under both the Lanham Act and the Copyright Act. "Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both." *Nintendo of Am., Inc.*, 40 F.3d at 1011. Accordingly, the Court agrees that "[a] plaintiff may be awarded statutory damages under both the Copyright Act and the Lanham Act where the defendant's act simultaneously infringed the plaintiff's copyright and its trademark . . . because the two statutory schemes serve different public policies, and protect against and remedy different injuries." *Nop*, 549 F. Supp. 2d at 1238; *see also Sellers*, 411 F. Supp. 2d at 921 ("Separate awards are appropriate because the Lanham Act and the Copyright Act provide separate remedies for the two distinct injuries and serve different public policies."); *Tierra Computer*, 184 F. Supp. 2d at 1331 ("This Court holds that the Plaintiff's request for statutory damages under both acts is not an impermissible 'double recovery[,]' . . . [because] Defendants did not commit only one wrongful act. Had Defendants sold Plaintiff's computer programs without representing that they were Microsoft products, Defendants would have committed only copyright infringement. If Defendants had represented that the computer programs were Microsoft's, when in fact they were not, then Defendants violated the Lanham Act. While there was one act, there were two wrongs."). Similarly, in this case, the Court finds that LRG's request for statutory damages under both the Lanham Act and

the Copyright Act are each supported by LRG's allegations that Behdad has committed distinct violations under trademark and copyright law, allegations which Behdad has admitted by virtue of its default. Specifically, Behdad has admitted by default that it sold counterfeit products bearing exact copies of LRG Marks and that it also infringed LRG's copyrighted designs. Compl. ¶¶ 16, 18, 27–45. Accordingly, the Court finds that LRG is entitled to reasonable statutory damage awards under both Acts.

> B. *Plaintiff's Request for Monetary Damages is Reasonable*

Having determined that LRG may be awarded statutory damages under both the Lanham Act and the Copyright Act, the Court now must consider whether the specific damages requested by LRG are reasonable. As set forth in its Motion for Default Judgment and in its Supplemental Memorandum, LRG has requested statutory damages in the total amount of $106,560.00 under the Lanham Act and $30,000.00 under the Copyright Act as well as reasonable attorneys' fees and costs. *See* Pl.'s Mot. for Def. J.; *see also* Supplemental Mem. For the reasons set forth below, the Court finds that LRG has demonstrated that the requested damages are reasonable.

First, LRG seeks to recover $106,560.00 in statutory damages under the Lanham Act pursuant to 15 U.S.C. § 1117(c). Statutory damages under the Lanham Act serve to compensate trademark holders for their losses and deter wrongful conduct. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1220–21 (S.D. Fla. 2004) (citing *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002)). Courts have substantial discretion in awarding statutory damages. *See Compusource Distribs.*, 115 F. Supp. 2d at 811 (citing *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991)). As indicated above, the statutory damages provision of the Lanham Act provides the Court with

discretion to award a broad range of monetary damages and limited guidance.  In particular, a plaintiff is entitled to statutory damages of not less than $500.00 but no more than $1,000,000.00, if willfulness is found, "per counterfeit mark per type of goods or services sold, offered for sale, or distributed."  15 U.S.C. § 1117(c).[3]

Here, LRG has submitted evidence demonstrating that Behdad continued to offer the counterfeit goods for sale even after receiving both LRG's cease and desist notice *and* service of the Complaint.  *See* Pl.'s Mot. for Default J. 8 (citing to Ex. F (Declaration of Nick Terrio) (hereinafter, "Terrio Decl.") ¶¶ 9-10; Ex. G (Declaration of Woodie T. White) ¶¶ 3-4); *see also* Gaffigan Decl. ¶ 2.  As such, the Court finds that Behdad has knowingly infringed LRG's trademarks and has therefore demonstrated that it willfully violated the Lanham Act.  *See Louis Vuitton*, 211 F. Supp. 2d at 583 ("Willfulness can be inferred by the fact that a defendant continued infringing behavior after being given notice.").  Accordingly, as Behdad knowingly infringed four LRG Marks and offered for sale three types of products (jeans, shorts, and t-shirts), LRG is entitled to statutory damages between $6,000.00 and $12,000,000.00, as the Court considers just.  *See* 15 U.S.C. § 1117(c).  LRG, however, requests only $106,560.00 in statutory damages under the Lanham Act.  Pl.'s Mot. for Default J. 14, Docket No. [8].  Given the absence of any specific guidance in the Lanham Act regarding the calculation of statutory damages, LRG indicates that it has based this request on the only available information regarding Behdad's sales.  Specifically, LRG proposes starting with a baseline award of $1,480.00, which is based on the number of counterfeited goods offered for sale by Behdad on August 20, 2007, as reported by

---

[3] A counterfeit mark is "a counterfeit of a mark that is [in use and] registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed . . . ."  15 U.S.C. § 1116(d)(1)(B).

LRG (approximately 40 counterfeit jeans, shorts, and t-shirts on sale) times the average price paid per unit for the three units purchased by LRG ($37.00). Pl.'s Mot. for Default J. at 13 & n. 1; *see also* Terrio Decl. ¶¶ 5, 7. LRG then trebles this baseline figure for Behdad's willful infringement and doubles the result again for purposes of deterrence. Pl.'s Mot. for Default J. at 13–14. Finally, LRG proposes multiplying this figure by the number of counterfeited LRG Marks (4) and by the number of types of goods sold (3) pursuant to 15 U.S.C. § 1117(c) in order to reach the total statutory damages award of $106,560.00. Upon review of LRG's supplemental memorandum and the legal authority cited therein, the Court finds that the requested amount of statutory damages is reasonable as it is well within the broad range the Court has discretion to award in this case and it is an appropriate amount to compensate LRG and to deter future violations.[4] Accordingly, the Court shall award LRG $106,560.00 in statutory damages under the Lanham Act.

Second, LRG requests $30,000.00 in statutory damages under the Copyright Act. While statutory damages under the Copyright Act can provide compensation and restitution to copyright owners, such awards primarily serve to deter wrongful conduct. *See Harrison Music Corp. v. Tesfaye*, 293 F. Supp. 2d 80, 83 (D.D.C. 2003) ("Statutory damages are not designed to be merely compensatory or restitutionary, but are also meant to discourage wrongful conduct.") (citing

---

[4] As LRG notes, several courts have awarded statutory damages under the Lanham Act based on a similar damage formula. *See, e.g.*, Supplemental Mem. at 11-12; *see also id.*, Ex. A (*Lifted Research Group, Inc. v. Biglarpour*, No 08-cv-0033 (C.D. Cal. July 16, 2008) ("The Court accepts LRG's requests for [$286,560 in] statutory damages because they are within the range of allowable damages for infringement of its copyrights and trademarks and are appropriate awards to compensate LRG and deter future violations."); *id.*, Ex. C (*Gucci America, Inc. v. Guerrero*, No. 07-cv-7898 (C.D. Cal. Nov. 4, 2008) (finding Gucci's request for $180,000 in statutory damages was reasonable). Although these unreported decisions are not binding on the Court, the decisions are considered to the extent the Court finds their reasoning persuasive.

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113–14 (2d Cir. 2001)). Like the Lanham Act, the Copyright Act offers substantial discretion and limited guidance to courts in determining an appropriate award. The statutory damages provision permits the Court to award the infringed party between $750.00 and $30,000.00 per work infringed, as it considers just. 17 U.S.C. § 504(c)(1). If the infringement was willful, the Court may award up to $150,000.00 per work infringed. 17 U.S.C. § 504(c)(2). A single copyrighted "work" may include multiple registered copyrights and "all the parts of a compilation or derivative work . . . ." 17 U.S.C. § 504(c)(1); *see also Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990). In determining statutory damage awards, courts look to factors such as (1) expenses saved and profits reaped by the infringing party, (2) revenues lost by the copyright holder, and (3) whether the infringing party acted willfully. *See Harrison Music Corp.*, 293 F. Supp. 2d at 83–84; *Louis Vuitton Malletier & Oakley, Inc.*, 211 F. Supp. 2d at 584 (citing cases).

As a result of Behdad's failure to participate in this litigation, the Court does not have information about the expenses saved or lost revenues in this case. As noted above, however, Behdad has admitted by default that it willfully infringed LRG's copyrighted. Thus, from the information now before the Court, it has discretion to award as much as $150,000 in statutory damages under 17 U.S.C. § 504(c)(2). LRG has nonetheless requested statutory damages of only $30,000 under the Copyright Act. The Court finds that LRG's request is reasonable and falls within the specified range of damages authorized under the Copyright Act. *See, e.g., Tierra Computer, Inc.*, 184 F. Supp. 2d at 1332 (awarding $450,000 in statutory damages under the Copyright Act, or $30,000.00 per infringed work, for *non-willful* infringements of 15 copyrights). The Court shall therefore award LRG $30,000 in statutory damages under the Copyright Act.

Third and finally, LRG has requested attorneys' fees and costs in the amount of $4,275.00, which consists of $3,600.00 in attorney's fees, $250.00 in investigative fees, and $425.00 in reasonable costs. Both the Lanham Act and the Copyright Act authorize the award of attorneys' fees and costs. The Copyright Act permits the Court to award the prevailing party full costs and attorneys' fees at its discretion. 17 U.S.C. § 505; *see also Black Cat Computer Wholesale*, 269 F. Supp. 2d at 124 ("[A]ttorneys fees are also awardable under the Copyright Act to the prevailing party provided such an award 'seeks to promote the Copyright Act's objectives.' ") (quoting *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999)). The Lanham Act also permits a plaintiff to recover "the costs of the action," but provides for the award of reasonable attorney fees to the prevailing party only "in exceptional cases." 15 U.S.C. § 1117(a). Although the Act itself does not define the term "exceptional," courts have generally held that willful infringement by the defendant constitutes an "exceptional case[]" under the Act for which attorney's fees may be awarded. *See ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 961 (D.C. Cir. 1990) ("Attorneys' fees . . . are available under section 35(a) only 'in exceptional cases,' which this court has defined as cases involving willful or bad-faith conduct."); *Lindy Pen. Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993) ("[G]enerally a trademark case is exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or willful."); *Black Cat Computer Wholesale*, 269 F. Supp. 2d at 124 ("A willful infringement may be considered an exceptional case under the Lanham Act.") (citing *Bambu Sales, Inc.v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). Here, Behdad's infringing actions were willful and thus awarding reasonable attorneys' fees and costs is appropriate under both Acts.

In support of its request, LRG has submitted declarations showing that they have incurred

the following costs in litigating this action: (1) $3,600 in attorneys' fees for four hours of attorney time at a rate of $325 per hour and seven hours at $350 per hour, Pl.'s Mot. for Default J., Ex. A, (Declaration of Paul Grandinetti) ("Grandinetti Decl.") ¶ 11; *see also* Gaffigan Decl. ¶ 9; (2) $250 in investigator's fees, *see id.* Ex. D (Declaration of Robert Holmes) ¶ 5); and (3) $425 in costs, the sum of the $350 filing fee and $75 process server fee, *see* Grandinetti Decl. ¶ 15; Gaffigan Decl. ¶ 11. The Court finds that these rates are reasonable for the services rendered and shall therefore award LRG the requested attorneys' fees and costs, totaling $4,275.00.

## IV. CONCLUSION

For the reasons set forth above, the Court shall GRANT LRG's [8] Motion for Default Judgment insofar as it seeks monetary damages. Accordingly, LRG is awarded a monetary judgment in the amount of $140,835.00, which consists of: (a) $106,560.00 in statutory damages pursuant to 15 U.S.C. § 1117(c); (b) $30,000.00 in statutory damages pursuant to 17 U.S.C. § 504; (c) $3,600.00 in reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505; (d) $250.00 in reasonable investigative fees pursuant to 15 U.S.C. § 1117(a); and (e) $425.00 in reasonable costs pursuant to 15 U.S.C. § 1117(a). This case is hereby dismissed in its entirety.

Date: June 30, 2010

                                              */s/*
                                              **COLLEEN KOLLAR-KOTELLY**
                                              United States District Judge